### UNITED STATES ex rel. CAMPBELL v. BISHOP, Morale Officer.

### No. 5889.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1931.

Lloyd C. Hooks and R. A. Hendricks, both of Miami, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., for appellee.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

SIBLEY, District Judge.

Willard E. Campbell was remanded to the penitentiary after hearing on habeas corpus, and appeals. The facts are as follows: On May 17, 1929, Campbell filed a plea of guilty to an indictment charging violation of section 37 of the Penal Code (18 USCA § 88). The original minute of that date, after reciting arraignment and plea, continues: "And now the defendant Willard Campbell being asked by the court if he had anything to say why sentence of the law should not be pronounced against him, and saying nothing sufficient, *it is considered by the court* that the United States of America do have and recover of you, Willard Campbell, the sum of $500.00, as fine imposed herein without costs and it is further ordered that you be delivered by the Marshal for this District to the Warden or other proper officer of the United States Penitentiary in Atlanta, Georgia, and that you be there confined for a full term and period of two years, beginning from the date of your delivery to said penitentiary. It is further ordered that the sentence of two years in the United States Penitentiary be suspended upon payment of the fine of $500.00." Campbell paid the $500 and was released. On July 25, 1929, he was arrested and brought before the court for inquiry into his conduct since the sentence; the proceedings reciting, "which sentence was suspended by the court upon the payment of the fine of

$500.00, and the said defendant granted a parole in the custody of the United States Marshal for this District under promise of good behavior." After hearing witnesses, it was "ordered by the court that said parole is revoked instanter and that the Marshal of the United States District Court deliver the said Willard Campbell, defendant herein, to the United States Penitentiary at Atlanta, Georgia, to be there confined under the terms of the sentence previously imposed against the said Willard Campbell in this case under date of May 17th, 1929." Campbell accordingly went to the penitentiary. On November 22, 1929, the judge, after reciting that the minute of May 17, 1929, incorrectly set forth the sentence, ordered the clerk to so correct it as to conform to the sentence imposed as shown by the entry on his bench docket of that date. The clerk accordingly amended the minute of the sentence so that the last paragraph reads: "It is further ordered that the sentence of two years in the United States Penitentiary be suspended upon payment of the fine of $500.00 and that you be paroled to W. F. Fox, Deputy Marshal, and shall report to him every 30 days. Upon violation of any law, parole to be canceled and remission to serve term." This correction was made in the absence of Campbell and without notice to him. On March 4, 1930, Campbell was brought from the penitentiary to stand trial in the same court on another charge, and while there brought this habeas corpus. He contends that his prison sentence is void (1) because there is no judgment by the court declaring him guilty; (2) because the indefinite suspension of the sentence was a nullity and voided the sentence; (3) the correction of the minute without notice to him was beyond the court's power; (4) the revocation of the parole was void because at that time he had not been convicted for any violation of law.

■ As to the first point, the words "it is considered by the court" are the technical common-law phrase of judgment. 3 Blk. Com. p. 396; 8 Cyc. p. 586(13). When they follow the recital of a plea or verdict of guilty and introduce a sentence thereupon, they import a judgment of regular conviction, and no additional judgment of guilt is necessary. Davis v. Utah, 151 U. S. 262, 14 S. Ct. 328, 38 L. Ed. 153; Pointer v. United States, 151 U. S. at page 418, 14 S. Ct. 410, 38 L. Ed. 208; Demolli v. United States (C. C. A.) 144 F. 363, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121; 16 C. J. § 3012, 3074.

■ On the second point, if the sentence had stood as first entered by the clerk, it was lawful and valid in so far as it imposed imprisonment, but unlawful because beyond the authority of the court in so far as it was attempted to indefinitely suspend it. The judge might be required by mandamus to eliminate such suspension. Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. It follows that without mandamus he could, as he later did, the defendant being present, eliminate the attempted suspension and order commitment to the penitentiary.

■ But in the proceeding ordering the commitment it was recited, and apparently not controverted by Campbell, that the suspension was not an unlawful indefinite suspension, but one followed by a parole to the marshal (probation evidently being meant) on condition of good behavior. Afterwards, Campbell being absent from the state and in the penitentiary, and without notice to him, the court ordered a correction of the judgment entry to correspond with his docket entry and to show this parole or probation. Campbell contends that these proceedings were at a term subsequent to that of the sentence, but title 28 U. S. Code, § 149 (28 US CA § 149), fixes one term per year for the court at Miami, beginning on the fourth Monday in April. There is no evidence of any adjournment of it, and the judge, in his opinion, states that the April term, 1929, was still open on March 4, 1930, when this habeas corpus was tried. We have therefore no question of correcting the record after the term. Nor is the question one of power to alter the substance of the sentence, but only of the power to make the record truthful; that is, to state the sentence as it really occurred. The duty and power of the court to make its records speak the truth even after the term, and when there is nothing in the record to go by, is fully sustained in Wight v. Nicholson, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865; and see 34 C. J. § 450. Nothing is said in the discussion in that case as to the necessity of the presence of or notice to the defendant who was to be affected, but he was in fact present. In 15 C. J. § 397, it is said, "An amendment of the record may be made upon motion, with due notice to the opposite party, or the power to amend may be exercised by the court on its own motion, without notice," and in 23 Cyc. p. 876, "The court which rendered a judgment may, on its own motion and without application by a party,

amend it by the correction of a clerical error or mistake, more especially during the same term;" and page 878, after stating the general propriety of notice, "It has been held, however, that an amendment may be made without notice during the term at which the judgment was rendered, or in any case where the amendment is merely formal or designed to make the entry of the judgment conform to the judgment as actually rendered so that the opposite party, if present, could not successfully resist it." So also 34 C. J. § 472. Applied to this criminal case we think the physical presence of the defendant was not necessary, as it was not proposed to alter the sentence pronounced upon him, but only to correct the entry of it. The correction, however, being an important one and after a delay of six months, would best be made only after notice to him or his counsel, if practicable to give it. But the court is not relieved of the duty, nor shorn of the power, to make its records true because the person to be affected cannot be notified. So that action without notice is not void, but at most attackable by a motion to recorrect if any wrong was done in the original correction. In the present case Campbell was before the court on March 4, 1930, still within the term, and he made no move to correct the correction of his sentence. Nor does he contend that his sentence was not really as the court made the record to show it. The court, on March 4th, with Campbell present, could, with the utmost regularity, have made the same correction of the record, if it had not been done before. We see no cause to doubt the truthfulness of the corrected record or to upset the correction.

As to the fourth point, although the word "parole" was used in the sentence, we understand that probation was meant; the latter being permitted by law on sentencing a person, and the former not. The statute, title 18 U. S. Code, § 725 (18 USCA § 725), expressly provides for the revocation of the probation after a hearing. This probation was conditioned on Campbell's not violating any law. We need not consider whether a probation so conditioned can be revoked without proof of a specific violation for it does not appear what was proved, but the presumption is that the order of revocation was justified. The objection that Campbell had not been *convicted* of a violation of law we overrule. The court was certainly not bound to leave an unworthy probationer at large until he could be tried and convicted. Camp-

bell v. Aderhold, Warden (D. C.) 36 F.(2d) 366.

The judgment remanding plaintiff to serve his sentence is affirmed.