## JIANOLE v. UNITED STATES.
### No. 9375.

Circuit Court of Appeals, Eighth Circuit.

April 16, 1932.

Rehearing Denied May 19, 1932.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard, of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

VAN VALKENBURGH, Circuit Judge.

Appellant was indicted on three counts—the first, for sale; the second, for unlawful possession; and, the third, for maintaining a common nuisance—all in violation of the National Prohibition Act (27 USCA §§ 12, 33). April 29, 1931, she entered a plea of guilty on all counts. On count 1 she was sentenced to imprisonment in jail for a period of sixty days; on count 2 to pay a fine of $200, and to be committed to jail in default of payment; and, on count 3, to be imprisoned in the jail of Douglas county, Neb., at Omaha, for a period of six months. Ultimately appellant was permitted to withdraw her plea of guilty upon count 2, and that count was dismissed; in view of the court's action on count 1, execution of sentence on count 3 was for the time suspended, and on May 4, 1931, it was ordered "that the jail sentence on count one, be, and the same is hereby vacated, and said defendant placed on probation to Robert P. Samardick, probation officer, for three

(3) years; and the order of probation heretofore entered to commence on this date, May 4, 1931." Thereafter appellant had been arrested for making sales of a large quantity of intoxicating liquor on August 4 and 12, 1931, and was instructed by the probation officer to appear in the District Court on September 2, 1931. On that date appellant appeared and a hearing on a proceeding to revoke her probation was commenced. Her counsel, who was present, objected to this proceeding on the ground that no formal complaint had been filed. This objection was overruled. Upon further objection that appellant had not received sufficient notice of the charges against her to enable her properly to answer them, the court required the probation officer to state, in the nature of a bill of particulars, the time and place of the alleged violations, and the names of the persons to whom the sales of liquor were alleged to have been made. Thereupon, government witnesses testified as to the transactions relied upon to establish the violations of parole charged. Their testimony tended strongly to establish those violations. At the close of the government's evidence on September 2, counsel for the defendant asked a continuance for one week to enable her to prepare and submit her defense. The continuance was granted, and the hearing was not, in fact, resumed until October 8th. The defense, through three witnesses, was an alibi. Appellant herself did not testify. Counsel for appellant further advised the court that, on October 1st, she had been bound over, on preliminary hearing before a United States Commissioner, to answer in the District Court the same charges which were the basis of the proceeding to revoke her probation, and moved the court to continue that proceeding until the pending criminal charges had been finally disposed of. This motion was overruled, and, November 3, 1931, the court ordered that probation of appellant be revoked as to the third count of the indictment, and that appellant surrender to the Marshal of the United States for execution of the sentence on said third count theretofore imposed upon her.

There are seven errors assigned. The first five have to do with the action of the court in refusing to require the filing of formal pleadings; the sixth, with the court's refusal to continue the revocation hearing until the criminal charges pending had been disposed of; and, the seventh, the holding of the court that the probation be revoked and appellant be committed to serve the original sentence imposed.

The points to be argued are thus stated in the brief:

"1. In a proceeding to vacate probation granted to a person by the United States District Court, the correct practice requires the filing of a verified information stating specifically the conduct constituting a violation of the probationary conditions, and the court is without jurisdiction to hear such matter over the objection of the defendant without the filing of an information and the issuance of a warrant thereon or the voluntary appearance before the court of the probationer, and an oral motion of the probation officer, made in open court after the arrest of probationer without any process, is insufficient in law upon which to base a finding of the court that probation should be revoked. Such a procedure would be violative of that portion of Art. VI of the Amendments to the United States Constitution which guarantees probationer the right 'to be informed of the nature and cause of the accusation.'

"2. It is error on the part of the Court to refuse to grant a probationer a continuance on a hearing for revocation of probation when the identical grounds for such revocation has been made the subject of an independent criminal prosecution against the probationer which prosecution is still pending and untried, and when such a situation arises a hearing on the revocation of probation should be postponed until the criminal case is disposed of by trial or otherwise in order to preserve for probationer her guarantee under Article V of the Amendments to the Constitution which provides, 'No person * * * shall be compelled in any Criminal Case to be a witness against himself.' "

The act of Congress (18 USCA §§ 724 to 728), among other things, provides as follows:

"§ 724. Suspension of imposition or execution of sentences and placing of defendant upon probation; power of courts; revocation or modification of probation; duties of probationer. The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and up-

on such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years. * * *

"§ 725. Same; powers of probation officers; arrest of probationer. When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable.

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed. (Mar. 4, 1925, c. 521, § 2, 43 Stat. 1260.)"

The statute provides no formalities for the revocation of probation. On the contrary, the very language of the act discloses the purpose of Congress that the courts should deal with the subject, not arbitrarily, but promptly and summarily. It is provided generally that "the court may revoke or modify any condition of probation, or may change the period of probation." Upon the report of the probation officer, when so directed, the court may take such action "as shall seem advisable." The probation officer may at any time arrest the probationer with or without a warrant, and forthwith take him before the court, and, in such case, the court "may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." Everything points to the purpose of the Congress to lodge a very broad discretion in the trial judge in the granting and revoking of probation. To require formal proceedings would be subversive of the very purpose of the act.

The second specification of error argued and relied upon is equally without merit. In United States ex rel. Campbell v. Bishop (C. C. A. 5) 47 F.(2d) 95, 97, the court said: "The objection that Campbell had not been convicted of a violation of law we overrule. The court was certainly not bound to leave an unworthy probationer at large until he could be tried and convicted."

In Campbell v. Aderhold (D. C.) 36 F.(2d) 366, 367, the following pertinent language is found: "But at last the ground of probation declared by the statute is that the court be satisfied 'that the ends of justice and the best interests of the public, as well as of the defendant, will be subserved thereby.' Probation is wholly discretionary and of grace, and not at all a right. It is in no sense a bargain. If the judge becomes satisfied that the probation is a failure and the best interests of the public and the defendant are not being subserved, and that different treatment is required, he has the right and the duty to terminate the experiment and let the law take its original course. It may be that the probationer cannot be proven beyond a reasonable doubt to have committed a particular crime, and yet his course of conduct along that line may be such as to satisfy the judge that the probation ought to be revoked. Unless the broad discretion to revoke be fully recognized, much greater caution will have to be exercised in extending this grace originally, and the benefits of the act will become greatly restricted."

And finally in Riggs v. United States (C. C. A. 4) 14 F.(2d) 5, 12 (certiorari denied 273 U. S. 719, 47 S. Ct. 110, 71 L. Ed. 857) Judge McDowell, speaking to the point here under consideration, in a concurring opinion, said:

"The purpose of the Probation Act is to put a selected part of those who, lacking self-control, have violated the law, under the strongest inducement to long-continued good behavior. The most serious breach of good behavior would be the commission of crimes; and the inducement to good behavior, furnished by probation and the power to revoke probation, would be much weakened if in such cases revocation must always be delayed and subjected to all the chances of the usual criminal prosecution. As a deterrent of crime and as an incentive to good behavior, power to punish promptly is of very great value. This consideration gives no little support to the belief that Congress intended that the judge holding the court which granted probation should have a discretionary power to

revoke probation, without necessarily waiting for action by the criminal courts.

"The possibility of an acquittal at the criminal trial of a probationer whose probation has already been revoked may exist in any case. But juries are so frequently influenced by sympathy, or by other improper reasons, that a subsequent acquittal does not necessarily show that the revocation of probation was erroneous; and the power to finally revoke in advance of and independent of the result of a trial of the criminal charge will of itself add greatly to the effectiveness of probation."

We heartily concur in the principles announced and the language employed in the foregoing citations. In the case before us the testimony of the witnesses for the government abundantly supported the charges of the probation officer. The appellant was given every opportunity to prepare and present her defense. She was represented throughout by able, alert, and diligent counsel who were fully advised of the precise nature of the charges appellant was called upon to meet. The court gave careful consideration to the matters urged upon it by appellant's counsel, and reached its decision after full hearing and in the exercise of a sound discretion.

The resulting order accordingly is affirmed.