### STRICKLAND v. UNITED STATES.
#### No. 4663.

Circuit Court of Appeals, Fourth Circuit.
Aug. 19, 1940.

E. B. Friday, of North, S. C., for appellant.

Henry H. Edens, Asst. U. S. Atty., of Columbia, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., and Louis M. Shimel and Ben Scott Whaley, Asst. U. S. Attys., both of Charleston, S. C., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and HENRY H. WATKINS, District Judge.

HENRY H. WATKINS, District Judge.

Appellant herein, under the name of Acey Bose Strickland, in November, 1938, was found guilty in the Columbia Division of the Eastern District of South Carolina, upon all six counts of an Indictment for violation of the Internal Revenue Laws of the United States. Upon the first four counts he was given an unconditional sentence. Upon the fifth and sixth counts he was sentenced to imprisonment in the United States Penitentiary, Atlanta, Georgia, for a term of three years, and to pay a fine of Two Hundred Dollars ($200), which latter sentence was suspended and the defendant placed on probation for a period of three years. On April 1, 1940, he was brought before the presiding judge of the Eastern District of South Carolina, on the charge of violation of the terms of his probation. The record does not disclose the conditions upon which probation was granted, nor the specific particulars in which he was charged with its violation, other than as recited in the order of the court revoking probation. Therein, after stating the terms of the original sentence on the fifth and sixth counts of the indictment, the court added the words, "suspended on three years probation during good behavior of the defendant, and it appearing that the said defendant's behavior has not been good since the imposition of the said sentence, and that he has violated the provisions of the internal revenue laws of the United States." From the foregoing, it appears that one of the charges preferred at the hearing was violation of the provisions of the internal revenue laws of the United States during the probationary period. At this hearing Strickland was represented by counsel who demanded a jury trial upon the charges thus preferred against his client, which demand was re-fused by the court. An exception to this ruling was duly noted by counsel. The hearing thereupon proceeded and the court heard the testimony of a witness for the government, and witnesses on behalf of the defendant. The court found as a fact that Strickland had violated the terms of his probation, revoked the same and proceeded to put the original sentence into effect with certain modifications. Thereupon an appeal was taken upon the sole specification that the court was in error in refusing to grant a jury trial upon the issue of Strickland's violation of his probation.

Nowhere did there appear, either in the record, in appellant's brief, or in his oral argument, the slightest suggestion that there was any abuse of discretion on the part of the presiding judge, or that his determination of the facts was unsupported by conclusive or ample evidence. Counsel contented himself with copying the VI Amendment to the United States Constitution (by him erroneously cited as Article IV of said Constitution), and Section 770 of Title 28 U.S.C.A., without reference to a single one of the numerous cases in which the United States courts have discussed and determined the powers and limitations of the district judges in hearings to determine whether probation shall be revoked or not. He failed, therefore, to draw the distinction between this case and criminal prosecutions and formal trials in common law cases. One of the earliest cases passing upon the Probation Act of March 4, 1925, 18 U.S.C.A. § 724 et seq., is that of Nix v. James, 9 Cir., 7 F.2d 590, in which, inter alia, the court held that the Act is a remedial statute and entitled to liberal construction. Thereafter, on June 8, 1926, in the case of Riggs v. United States, 4 Cir., 14 F.2d 5, 10, certiorari denied 273 U.S. 719, 47 S.Ct. 110, 71 L.Ed. 857, the Circuit Court of Appeals of this Circuit in an elaborate opinion reiterated the views expressed in the Nix case, supra, stating among other things, that the purpose of the Act was to give to federal district courts a free hand in humanely dealing with criminal cases which come before them, and that much discretion should be allowed. In the concurring opinion of Judge McDowell in this case for the first time the question of jury trial was referred to in the following language: "Too plainly to require discussion, the power to revoke probation, when it exists, like the power to grant probation, is entitled to be exercised without the assistance

of a jury." The view thus expressed has been repeatedly approved in this and other circuits, and by the Supreme Court of the United States as will appear from cases hereinafter cited. In Campbell v. Aderhold, D.C., 36 F.2d 366, 367, the court approving Judge McDowell's concurring opinion to the effect that the judge may revoke probation independently of final conviction for alleged offense says: "To me there seems no doubt about it." In United States ex rel. Campbell v. Bishop, 5 Cir., 47 F.2d 95, 97, the court said: "Objection that Campbell had not been convicted of a violation of law we overrule. The court was certainly not bound to leave an unworthy probationer at large until he could be tried and convicted." Similar views are expressed in Jianole v. United States, 8 Cir., 58 F.2d 115, in which the Riggs case and the two Campbell cases, supra, are cited with approval. See also United States ex rel. Grossberg v. Mulligan, 2 Cir., 48 F.2d 93, 94; Hollandsworth v. United States, 4 Cir., 34 F.2d 423, 428.

In Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266, the Supreme Court affirming 9 Cir., 59 F.2d 721, says: "The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." The court cites with approval, among others, Campbell v. Aderhold, supra, and Jianole v. United States, supra. See also Pritchett v. United States, 4 Cir., 67 F.2d 244.

In Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 819, 79 L.Ed. 1566, the Supreme Court discharged on habeas corpus a probationer whose suspension of sentence had been revoked and who had been committed to prison to serve a stated term without ever having been brought before any court or judge, and without having been accorded an opportunity of testifying or presenting any defense in his behalf. The Supreme Court held that while the privilege of the probationer was not a right guaranteed by the Constitution, it was based upon the act of Congress governing procedure in such cases, and that the requirement of the Act of March 4, 1925, that upon the arrest of a probationer he "shall forthwith be taken before the court," 18

U.S.C.A. § 725, is mandatory in meaning as well as in form. The court said, however, "In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect to its duration as Congress may impose." The court further said: "Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. Burns v. United States, supra, 287 U.S. 216, at pages 222, 223, 53 S.Ct. 154, 77 L.Ed. 266."

In the instant case the presiding judge acted in every respect in conformity with the statute, and his order is affirmed.