**UNITED STATES v. YOU.**

No. 161, Docket 20456.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1947.

Irving Mendelson, of New York City (Julius A. Itzkowitz, of Brooklyn, N. Y., of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Stanley H. Lowell and Bruno Schachner, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant in 1942 pleaded guilty in the District Court for the Southern District of New York to an indictment in three counts charging violations of §§ 2553 and 2554 of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, §§ 2553, 2554, and of §§ 173 and 174 of Title 21 U.S.C.A., relating to narcotics. It was his third conviction of similar offenses. He was sentenced to imprisonment for five years on each of counts 1 and 2 and to imprisonment for ten years on count 3. The execution of the sentences, which were to run concurrently, was suspended and the appellant was placed upon probation for five years upon the terms of the standing proba-

tion order of the District Court for the Southern District of New York. 18 U.S. C.A. § 724.

These conditions of probation, in so far as they are presently important, required the probationer to live a clean, honest and temperate life; to keep good company and good hours, and to keep away from all undesirable places.

Title 18 U.S.C.A. § 725 provides for the arrest of the probationer at any time within the probation period and for his production forthwith before the court which "may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." The appellant was arrested and brought before the court before the expiration of his period of probation whereupon his probation was revoked, and he was sentenced to imprisonment for five years on each count, the sentences to run concurrently. He has appealed from this judgment on the ground that no violation of the terms of his probation was shown.

Whether the revocation of the order of probation was erroneous depends upon whether there was enough evidence of the violation by the probationer of the terms of the order to bring the court's action within the bounds of sound discretion. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Dillingham v. United States, 5 Cir., 76 F.2d 35; Pritchett v. United States, 4 Cir., 67 F.2d 244.

We think there was sufficient evidence. The appellant lived in Washington, D. C., after he was placed upon probation and it was clearly proved that upon numerous occasions he was seen in the company of one Ing Yat a known drug addict and narcotic law violator. To be sure, it was not expressly shown that the appellant knew that Ing Yat was that kind of a man but this knowledge was fairly to be inferred and attributed to him from his known familiarity with the appearance of addicts and the somewhat surreptitious manner and frequency of his association with such a person. It was shown that Ing Yat visited the appellant's home and appellant often took him in his car to the vicinity of a place known as 12 T St., in Washington where violators of the law relating to narcotics were wont to gather and where Ing Yat was seen to go. The appellant also frequented a place in Washington where gambling was conducted though no actual gambling by him was shown. He denied that he had conducted himself as above and it is evident that the trial judge was convinced that he had testified falsely.

On such a record as this it cannot be said that an abuse of discretion was shown. The decisive issue was one of fact and that had to be resolved by determining the credibility of the witnesses who appeared before the judge. Having seen and heard them, he justifiably believed that the probationer had failed to comply with the conditions upon which he had been allowed to remain at liberty after his plea of guilty when arraigned on the indictment. The hearing he was given was a fair one. Jianole v. United States, 8 Cir., 58 F.2d 115.

The judgment was one that could have been imposed originally after his plea of guilty and he can take nothing from this appeal.

Judgment affirmed.