## KIRSCH v. UNITED STATES.
### No. 13797.

United States Court of Appeals
Eighth Circuit.
April 6, 1949.

Frank J. Comfort, of Des Moines, Iowa (Walter F. Maley, of Des Moines, Iowa, on the brief), for appellant.

William B. Danforth, Asst. U. S. Atty., of Sioux City, Iowa (Tobias E. Diamond, U. S. Atty., of Sioux City, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET. Circuit Judges.

GARDNER, Chief Judge.

This is an appeal from an order revoking and terminating probation of appellant.

On September 23, 1946, appellant was convicted upon a plea of guilty under an indictment of five counts, charging violation of the Federal liquor laws. He was sentenced to imprisonment for eighteen months and a fine of $2,000 was imposed. He paid the fine and court costs and was put on probation by the trial judge for a period of three years, on condition, among others, that he "refrain from violation of any state and Federal penal laws." The instrument reciting the conditions of probation which was signed by appellant and the Probation Officer, recites, among other things, the following:

"You are hereby advised that under the law the Court may at any time revoke or modify any conditions of this probation or change the period of probation. If the Court sees fit, it may discharge you from probation at any time from further supervision, or it may extend your period of probation. You shall be subject to arrest, for cause, upon order of the Court or without order, for cause, by the Probation Officer. * * *

"The Court has placed you on probation, believing that if you sincerely endeavor to obey and live up to the conditions of your probation, your attitude and conduct will improve both to the benefit of the United States and to yourself."

On December 1, 1947, an indictment was returned against appellant in the United States District Court for the Southern District of Iowa, charging evasion of the income tax laws. On trial appellant was found guilty on one count and the court thereupon imposed a fine of $10,000 and costs and sentenced appellant to a term of eighteen months imprisonment upon "the termination of the probation in the United States District Court for the Northern District of Iowa." Thereafter he appealed to this court from the judgment of conviction and that appeal is still pending and undetermined.

On June 2, 1948, the Government filed in the District Court for the Northern District of Iowa an application for the revocation and termination of the probation of appellant. On June 24, pursuant to notice, the application was heard. Appellant was present in person and was represented by counsel. Testimony was produced both by the Government and by the appellant. The court thereupon entered findings of fact and conclusions of law. The court among other things found that,

"11. At the time the said defendant, Grover M. Kirsch, was granted probation in this case, the matter of defendant's wilfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year of 1944 was not known to the Court. Had the Court so known, the said defendant would not have been granted probation.

"12. On June 18th, 1948, the said defendant, Grover M. Kirsch, in the City of Waterloo, Iowa, did engage in gambling in violation of the provisions of Sec. 726.3 of the Code of Iowa 1946. Such gambling was a violation of a penal law of the State of Iowa."

The court concluded as a matter of law that appellant had violated the conditions of his probation and "that the ends of justice and best interests of the public require that the probation of the defendant be terminated." An order was thereupon entered terminating the probation.

In seeking reversal appellant urges that (1) the court erred in taking into consideration the conviction obtained against him in 1948 covering an offense which occurred in 1944; and (2) the court was in error in taking the uncorroborated testimony of an alcohol tax agent who testified that he saw appellant sitting in a friendly game of pinochle, the witness being unable to say whether any money passed between these friends following this friendly game.

Section 724 [now § 3651], Title 18 U.S.C.A. provides in effect that the courts of the United States having original jurisdiction in criminal actions shall have power after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as the court may deem best, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby. It is then provided that, "The court may revoke or modify any condition of probation, or may change the period of probation."

Section 725 [now § 3653] of the same title provides among other things that at any time within the probation period the Probation Officer may arrest the probationer without warrant, or the court may issue a warrant for his arrest. Thereupon

such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or suspend the sentence and may impose any sentence which might originally have been imposed.

■ It is observed that in the instant case sentence was imposed and the probation stayed execution of sentence. Probation is not a matter of right but a matter of grace and clemency and when granted it confers no vested right upon a defendant. It is a system of tutelage under the control of the court having jurisdiction over the convicted defendant and it is concerned with the rehabilitation of moral character.

■ The above cited statutes which provide for probation of a convicted defendant also provide for revocation of the probation. Of necessity the court granting probation has a broad discretion in revoking it. In the instant case the procedure providing for revocation of probation has been meticulously followed. The court found that one of the specific terms or conditions of the probation had been broken. If that finding is sustained by substantial evidence, the order appealed from should be affirmed. At the hearing the Government produced the testimony of an investigator of the Alcohol Tax Unit who testified that on June 18, 1948, a week before the hearing, he went to the place of business of a wholesale beer distributor in Waterloo, Iowa, to discuss the activities of the appellant with the owner and manager of that institution. In a room used as an office for this business the investigator found three men playing cards at a table, one of whom was the appellant. On the table in front of the appellant the investigator saw money consisting of a Ten Dollar bill and some One Dollar bills. The witness watched the three men play cards for a few minutes until they finished the game. Appellant then arose, picked up the money and said to one of the men,

"How much do you have coming, you lucky so and so." The witness was then asked, "From what you noticed and observed, what were they doing with the bills before them, tell the judge, were they gambling, did you conclude that they were gambling, or what did they appear to you to be doing? A. Yes, they were gambling."

Section 726.3, 1946 Code of Iowa, I.C.A., provides that, "If any person play at any game for any sum of money or other property of any value, or make any bet or wager for money or other property of value, he shall be guilty of a misdemeanor."

A violation of this section is punishable by imprisonment or by fine, or both. The evidence on this issue was uncontradicted and the court manifestly believed the testimony of the government witness. It was not necessary to show that appellant had been convicted of the crime of gambling, nor, indeed, was it necessary to produce evidence proving his guilt beyond a reasonable doubt. Manning v. United States, 5 Cir., 161 F.2d 827; Burns v. United States, 9 Cir., 59 F.2d 721.

■ We think it could not be prejudicial to appellant that the court made an additional finding to the effect that when probation was granted the fact that appellant had and was wilfully and knowingly attempting to defeat and evade a large part of his income tax due the United States, was not known to the court and that had the court known of this fact probation would not have been granted. As before observed, the granting of probation is a matter of grace peculiarly within the sound judicial discretion of the trial court. It should be granted only "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby". Jianole v. United States, 8 Cir., 58 F.2d 115, 116; Gillespie v. Hunter, 10 Cir., 159 F.2d 410; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

■ The offense of which appellant was convicted in the Southern District of Iowa involved an attempt to evade Fed-

eral income taxes for the year 1944. It was not limited to a matter of filing a false return but to an attempt to evade. This was in the nature of a continuing offense and in that sense the offense may be said to have been committed after the defendant was granted probation. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546. We think the fact may well have been taken into consideration by the court in determining whether it should exercise its discretion in revoking the probation.

This court will not on appeal disturb the action of a trial court resting wholly in the exercise of its judicial discretion except for an abuse of that discretion. Burns v. United States, supra; Manning v. United States, supra; Bennett v. United States, 8 Cir., 158 F.2d 412; Jianole v. United States, supra; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314; Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414. Being of the view that the court, in revoking the appellant's probation, did not abuse its discretion, the order appealed from is affirmed.