Salvador **BERNAL–ZAZUETA,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14599.**

United States Court of Appeals,
Ninth Circuit.

March 21, 1955.

---

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Richard L. Sullivan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and SAMES, District Judge.

JAMES ALGER FEE, Circuit Judge.

In Case No. 23,661 S.D. (here numbered on appeal 14,599), the defendant was convicted on plea of guilty in the District Court of the Southern District of California, Southern Division, before Hon. Jacob Weinberger, on March 5, 1954, of the crime of transporting aliens charged in four counts as a violation of 8 U.S.C.A. § 1324(a) (2). Judgment was entered on that day. He was sentenced to ten months imprisonment and to pay a fine of $350 on count one. This term of imprisonment was suspended and he was placed upon probation for five years upon condition that he would not violate any laws, state, federal or municipal, that he would comply with all rules and regulations of the probation officer and pay the fine in designated installments, and that he would not approach the Mexican border without permission. The imposition of sentence was suspended on counts two, three and four and probation granted thereon for five years. No appeal was ever taken from the judgment entered March 5, 1954, in the cause entitled United States of America v. Salvador Bernal, No. 23,661 S.D.

On August 28, 1954, Zazueta was convicted in Case No. 23,704, in the same district, by a jury before Hon. William Mathes on a like charge of illegally transporting an alien on one count and was acquitted upon another. Two other counts of this indictment (23,704) and another indictment (23,659) were thereupon dismissed. Upon the same day, the probation officer of the district filed a petition for revocation of probation on the previous convictions in the former case (23,661).

Since petitioner is insistent these cases are connected, reference is made to the record in Case No. 23,704, Salvador Bernal-Zazueta v. United States of America, presently before this Court upon appeal. In that record, defendant was shown to be a person of Mexican parentage, who spoke Spanish as well as English and had been in business here for some years. He was arrested in Grapevine Canyon near Bakersfield for exceeding the speed limit, by a state officer. Upon investigation, it was found that there were four Mexican aliens, who spoke no English, riding with defendant in the seats of the car, and finally a fifth who was locked in the trunk. Upon questioning by the officer, he said that they were "wet backs." He admitted he had told them to tell the truth when the officer asked them how much they were to pay him, and did not contradict their statement that they were to pay him $25 apiece when they arrived.

On September 1, 1954, defendant came up for sentence in the case in which he had just been tried (23,704). At the request of his counsel, the proceeding on petition for revocation from the previous convictions in No. 23,661 was set down for the same time. He pleaded guilty to a violation of probation and allowed the record to stand through his counsel after the court denied the motion for a new trial or arrest of judgment in No. 23,704.

The following colloquies have a bearing on the matter:

"The Court: The probation officer down at San Diego told Judge Weinberger in his report made last February that you were known to the Mexican population as a 'coyote' or smuggler of aliens; that you had some experience in this business; that you engaged in at least two previous ventures, the one in which you received $90 and the other one $102. Did you tell him that?

"The Defendant: That's the truth. I did tell him that. It is no habit.

*   *   *   *   *   *

"The Court: Now, the probation office says in this presentence report in this case, June 4th, this year, you came to the probation office in Los Angeles and stated you were embarrassed to face the probation officer. Did you?

"The Defendant: Pardon?

"The Court: That you went to the probation officer here in Los Angeles and told him that you were embarrassed to face him since you had made a promise, and lied to the probation officer that you then told him that on May 24th you had received a call from some wetbacks and that you made arrangements whereby you were to transport five aliens at a charge of $20 apiece from Lomita to Fresno. Did you tell the probation officer that on or about May 24th—

"The Defendant: I did, your Honor. Your Honor, I don't promise anything, but I can assure you if I only have time, I can prove lots of things. I mean it."

The judge then said:

"There is nothing moderate about this to me. This defendant has had his chance. He was given a chance by Judge Weinberger down there and he flaunted the law and then got on the witness stand and attempted to lie himself out of it.

"It is the judgment of this court —first, in case No. 23661—it is the judgment of the court that the probationary order of March 5, 1954, is vacated and the defendant's probation terminated.

"Is there anything further to be said before sentence is imposed in case 23661?"

The probationary order in 23,661 was thus vacated and defendant's probation terminated, and the court put in effect the previous sentence of ten months on count one and imposed a sentence of five years on each count two, three and four to run concurrently on the three and pro tanto with count one.

The defendant was thereupon committed to the custody of the Marshal to serve the sentences imposed in Case No. 23,661.

Thereupon, in Case No. 23,704, imposition of sentence was suspended on count two, upon which defendant had been convicted by the jury, and defendant was placed on probation for five years commencing upon his release from custody on the sentence on 23,661, with a condition that he finish paying the fine imposed in the previous case. The court expressly declared defendant was not committed in 23,704, which judgment is on appeal to this Court, where arguments have been heard and the matter is under advisement.

This recital is necessary to bring the proceedings down to particular matters presently before the Court in the instant appeal and motion.

On September 10, 1954, defendant filed notice of appeal from the judgment revoking probation and imposing sentence in No. 23,661, and on September 27, 1954, he filed a "supplemental notice of appeal," in which he recites the judgment of conviction of March 5, 1954, and still appeals from the judgment and sentence of September 1, 1954, in No. 23,661. He therein also designates as grounds for appeal:

"1. That said defendant was not in violation of probation. 2. That said violation of probation was predicated upon defendant's conviction in case No. 23704, Central Division, which conviction was not predicated upon a fair and impartial trial. 3. That the judgment of the court was without authority of law. 4. That the instant court was without jurisdiction to impose sentence. 5. That the defendant was substantially prejudiced and deprived of a fair trial in case No. 23704, Central Division, as a result of which he was convicted of one count, upon which the defendant was found to have been in violation of probation in the instant matter. 6. That the defendant, appellant herein, does hereby refer to and make a part hereof the applicable provisions of the errors designated in case No. 23704, Central Division, as constituting the basis and grounds for the appeal in the instant matter. 7. That the Court was without authority or ju-

risdiction to impose judgment upon a purported violation of probation, in that the proceedings in case No. 23704, Central Division, had not terminated, nor had the time for appeal expired, and said matter is now pending on appeal."

■ The defendant has made a motion for bail upon appeal. He is obviously not held in custody in Case No. 23,704, and therefore consideration need be given on the merits of Case No. 23,661. Bail on appeal is denied in Case No. 23,661.

■ The original judgment entered by Judge Weinberger, dated March 5, 1954, in Case No. 23,661, is not before us. An appeal therefrom could not be entertained now. Defendant pleaded guilty to the indictment there, and the judgment has become a finality. This judgment constitutes the only "final order" in No. 23,661.

■ The order revoking probation and imposing sentence was reviewable on appeal. There is nothing formal required in a hearing for revocation of probation.[1] Here the judge had heard the testimony at a trial. Besides that, the judge had before him previous statements of the defendant to the probation officer. Defendant said in open court that he had made such admissions.

■ The terms of the probation order by Judge Weinberger required that defendant "not violate any law, State, Federal or Municipal" and that he comply with all "lawful rules and regulations of the Probation officer." The circumstances which occurred before the granting of probation are pertinent on a violation hearing.[2] Upon the basis of admissions of defendant before Judge Mathes in open court, he might have been found to have violated the terms of probation by failing to obey the rules and regulations.[3] Either by his admissions on that proceeding or from the trial, the judge could well have concluded that defendant had violated a federal law. He was convicted by the jury. But it was not necessary that he be.[4] Even if he had been acquitted,[5] the judge could have arrived at the same conclusion. It is therefore of no importance that the case in which he was convicted and given probation is here on appeal. Even if he were sent back for new trial in that case,[6] it would not affect the situation. Finally,

1. Granting of probation is a matter of grace and clemency. The question is whether subsequent conduct shows defendant fit for leniency. See Burns v. United States, 9 Cir., 59 F.2d 721, affirmed with opinion, Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L. Ed. 266; Kirsch v. United States, 8 Cir., 173 F.2d 652.

2. See Kirsch v. United States, supra, where prior circumstances were unknown to judge granting probation. Where, as here, prior criminal conduct is continued, it is relevant also.

3. United States v. You, 2 Cir., 159 F.2d 688.

4. "It was not necessary to show that appellant had been convicted of the crime of gambling, nor, indeed, was it necessary to produce evidence proving his guilt beyond a reasonable doubt." Kirsch v. United States, supra [173 F.2d 654]. Jury trial refused on probation hearing. Strickland v. United States, 4 Cir., 114 F.2d 556.

5. "But juries are so frequently influenced by sympathy, or other improper reasons, that a subsequent acquittal does not necessarily show that the revocation of probation was erroneous". Jianole v. United States, 8 Cir., 58 F.2d 115, 118.

6. Jianole v. United States, supra, quotes Riggs v. United States, 4 Cir., 14 F.2d 5: "The possibility of acquittal in a criminal trial of a probationer whose probation has been revoked may exist in any case." United States ex rel. Campbell v. Bishop, 5 Cir., 47 F.2d 95, 97: "The objection that Campbell had not been convicted of a violation of law we overrule. The court was certainly not bound to leave an unworthy probationer at large until he could be tried and convicted." Manning v. United States, 5 Cir., 161 F.2d 827, 829: "But proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such a proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is

there is no question that he was arrested in Grapevine Canyon by a state police officer for exceeding the speed limit, and he does not deny this violation of state law.

It must therefore be concluded there was a fair hearing. The presiding judge did not abuse his discretion.

The judgment revoking probation,[7] placing the former sentence in effect and imposing sentences on the other counts is affirmed.

required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of probationer has not been as good as required by the conditions of probation."

7. United States v. You, supra.