**Marc Sol KAPLAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15430.**

United States Court of Appeals
Eighth Circuit.

June 18, 1956.

Rehearing Denied July 16, 1956.

Herbert M. Rope, Kansas City, Mo. (Melvin Friedman, St. Louis, Mo., was with him on the brief), for appellant.

Murry L. Randall, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

On April 8, 1954, Marc Sol Kaplan, appellant, entered a plea of guilty to each of five counts of an information wherein it was charged that he had sold heroin totaling in amount 703 grains, in violation of 26 U.S.C.A. § 2554(a) (now 26 U.S.C.A. § 4705). Each count of the information carried a penalty of imprisonment of from two to five years, but the district court, because of the circumstances of the case, suspended imposition of sentence and placed appellant on probation for a period of five years.

Approximately seven weeks later appellant was called before a federal grand jury and asked to disclose the source from which he had purchased the heroin. He refused to answer the questions, stating that he feared reprisals against himself and his family from the person from whom he had made the purchases.

Later, on June 3, 1954, appellant, accompanied by counsel, was called before the United States District Court and ordered to appear before the grand jury and answer as directed. Upon returning to the grand jury, appellant again refused to answer, giving the same reason for his refusal.

On the same day appellant, with counsel, was again brought before the court, where permission was obtained to read the transcript of the pertinent portions of grand jury testimony. Appellant was told that fear of reprisal was not a valid reason for refusal to testify and then, after some colloquy, agreed that he would "speak". Later, when the salient questions were asked during the grand jury proceedings, appellant stated he purchased the narcotics from one "Frank", but insisted he did not know the person's last name.

On the day following, the same parties were again before the court, appellant appearing with counsel, and the transcript of the prior day's grand jury interrogation read in open court. It was not claimed at this appearance that the surname of "Frank" was unknown, but appellant merely repeated his prior motive for keeping silent. The court thereupon adjudged him guilty of civil contempt and ordered him confined in jail until the desired information was given.

On June 21, 1954, counsel for the government filed a petition to revoke appellant's probation on the ground that his conduct was inconsistent with the good conduct required by the terms of probation. After hearing and arguments on the matter, appellant's probation was revoked and a sentence of three years on each count of the information given. The sentences were to run consecutively.

Subsequently, on July 15, 1954, the court modified the sentence so that the sentence of imprisonment on Count 5 would run concurrently with the sentence on Count 4, thus reducing the total sentence from 15 to 12 years.

On January 24, 1955, appellant filed a motion in the district court to set aside the order revoking probation and to set aside the sentence, such motion being brought under the provisions of 28 U.S.C.A. § 2255. Appellant's motion was overruled. On April 19, 1955, appellant filed another motion under 28 U.S.C.A. § 2255 to set aside the order denying his former motion on the grounds that the court failed to set forth findings of fact and conclusions of law, that the order was contrary to law and that it constituted an abuse of discretion. On June 27, 1955, the court vacated its prior order and filed findings of fact and conclusions of law and overruled the motion to set aside the order revoking probation and to set aside the sentence. It is from the order of June 27, 1955, that appellant now appeals to this court.

■■ Appellant raises three points, the first two of which are concerned with

alleged errors on the part of the trial court in finding him guilty of contempt. Insofar as such two points are concerned, we direct attention to the fact that this is not an appeal from the contempt conviction. Had defendant desired to appeal from that conviction, he could have done so. 28 U.S.C.A. § 2255 may not be used as a substitute for appeal. We said in Shobe v. United States, 8 Cir., 1955, 220 F.2d 928, 929:

> "It is only where a sentence is void or otherwise subject to collateral attack that Section 2255 affords a remedy, and a motion under that Section cannot function as an appeal. Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195; United States v. Jonikas, 7 Cir., 197 F.2d 675, 676; United States v. Rutkin, 3 Cir., 212 F.2d 641, 643; Pelley v. United States, 7 Cir., 214 F.2d 597, 598. The questions raised by Shobe's motions were questions reviewable only on appeal."

See also Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 833, and note in 20 A.L.R.2d pages 987–988.

Appellant's third point is:

> "The Court erred in revoking probation for the reason that applicant violated no condition of probation imposed upon him when probation was granted, and the conditions thereof were never modified."

This presents the only real issue which can be considered upon this appeal. In placing the appellant on probation in the first instance, the court fixed the usual conditions of probation as follows:

> "(a) Refrain from the violation of any state and federal penal laws. (b) Live a clean, honest and temperate life. (c) Keep good company and good hours. (d) Keep away from all undesirable places. (e) Work regularly. When out of work, notify your probation officer at once. (f) Do not leave or remain away from the city or town where you reside without permission of the probation officer. Notify your probation officer at once if you intend to change your address. (g) Contribute regularly to the support of those for whose support you are legally responsible. (h) Follow the probation officer's instructions and advice. The Probation Law gives him authority to instruct and advise you regarding your recreational and social activities. (i) Report promptly on the dates set forth. If for any unavoidable reason you are unable to do so, communicate with your probation officer without delay."

The court, in its findings of fact and conclusions of law, stated that its grounds for revocation of probation were "solely on the adjudication of contempt", and then specifically found that the probationer had violated conditions (b), (c) and (d).

We have here, then, the situation of a defendant who, while on probation, was specifically ordered by the court to appear before the grand jury and disclose the source of his heroin purchases and who refused in the presence of the court to follow such orders. Completely regardless of the subsequent contempt proceedings, this was of itself sufficient justification for revoking probation. Here was a specific order of the court to do a certain thing—disclose information needed in a grand jury's investigation of illegal traffic in narcotics. In effect, it could be considered as an additional condition of probation, even though it was not included in the original written conditions. 18 U.S.C.A. § 3651, among other things, provides: "The court may revoke or modify any condition of probation, or may change the period of probation." No claim of constitutional privilege was or could have been maintained. To hold that such a specific refusal to follow the court's order was not a violation of probation could lead to rather bizarre results in that every contingency would need be anticipated and might have the effect of limiting the use of probation. Campbell v. Aderhold, D.C.N.D.Ga., 1929, 36 F.2d 366, 367.

In dealing with the question of the right of a trial court to revoke probation, this court, in Kirsch v. United States, 8 Cir., 1949, 173 F.2d 652, at page 654, stated:

"Probation is not a matter of right but a matter of grace and clemency and when granted it confers no vested right upon a defendant. It is a system of tutelage under the control of the court having jurisdiction over the convicted defendant and it is concerned with the rehabilitation of moral character."

Page 655:

"This court will not on appeal disturb the action of a trial court resting wholly in the exercise of its judicial discretion except for an abuse of that discretion. Burns v. United States, supra [9 Cir., 59 F.2d 721]; Manning v. United States, supra [5 Cir., 161 F.2d 827]; Bennett v. United States, 8 Cir., 158 F.2d 412; Jianole v. United States, supra [8 Cir., 58 F.2d 115]; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314; Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414."

In Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, the United States Supreme Court sustained revocation of probation on the grounds that the defendant was guilty of repeated abuses of liberty to leave jail granted him for a particular purpose. The court, speaking through Mr. Chief Justice Hughes, stated, 287 U.S. at page 220, 53 S.Ct. at page 155:

"Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individu-alize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the Act are adapted to this end."

At page 222 of 287 U.S., at page 156 of 53 S.Ct.:

"The duty placed upon the probation officer to furnish to each probationer under his supervision 'a written statement of the conditions of probation' and to 'instruct him regarding the same' * * * cannot be deemed to restrict the court's discretion in modifying the terms of probation or in revoking it. The evident purpose is to give appropriate admonition to the probationer, not to change his position from the possession of a privilege to the enjoyment of a right. He is still a person convicted of an offense, and the suspension of his sentence remains within the control of the court."

"The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. * * * While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."

The appellant's argument that he violated none of the specific terms of his probation and that the terms were never modified would not, even if true, be persuasive. The determinative question is whether the conduct of the probationer was inconsistent with his duties as such. One on probation is not at liberty; he is in law and in fact in the custody and under the control of the court granting probation.

■ See Dillingham v. United States, 5 Cir., 1935, 76 F.2d 35, 36:

"It is not necessary that all of the conditions of probation be set out

in the sentence, nor are formal hearings and formal procedure necessary to a revocation of probation. It is enough that it be made sufficiently to appear that the probationer has not conducted himself in accordance with his duty as a probationer. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266."

We also think there can be no doubt but what, aside from the written conditions of probation, there is an implied condition that the probationer will follow the reasonable directions and orders of both the probation officer and the District Judge. In the instant case, the appellant's refusal to follow the court's direction that he disclose to the grand jury the source of his heroin was a sufficient ground for the revocation of probation and we think that the trial court did not abuse its discretion in so doing.

Appellant's counsel, in his brief, refers to the sentence imposed herein as " * * * one of the longest, if not the longest, sentence ever imposed upon any person convicted of such offense in the jurisdiction of that Court. The action was clearly neither punitive, corrective nor coercive, but wholly vengeful". 18 U.S.C.A. § 3653, among other things, provides:

"As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the *court* may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, *may impose any sentence which might originally have been imposed.*" (Emphasis supplied.)

It is not contended that the sentence imposed upon revocation of probation was not such a sentence as "might originally have been imposed". It was within the statutory limits as punishment for the crimes to which the appellant had pleaded guilty. Regardless of how this court might feel about the length of the sentence imposed, the question of its severity is not before us.

As this court said in Affronti v. United States, 8 Cir., 1944, 145 F.2d 3, 10:

"The court imposed a sentence authorized by statute. This Court cannot concern itself with the question of the reasonableness of the sentence. 'Where a District Court imposes a sentence authorized by a statute of the United States, it commits no error of law.' Holmes v. United States, 8 Cir., 115 F.2d 528, 529; Johnson v. United States, 8 Cir., 126 F.2d 242, 251; Holmes v. United States, 8 Cir., 134 F.2d 125, 135."

Affirmed.