**Pat TRUEBLOOD LONGKNIFE,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21380.**

United States Court of Appeals
Ninth Circuit.

July 24, 1967.

Milton W. B. Choy, Honolulu, Hawaii, for appellant.

Herman T. F. Lum, U. S. Atty., James F. Ventura, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, HAMLIN and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

On the 11th of February, 1965, in the District of Hawaii, appellant, using the name of Pat Trueblood Longknife, filed a voluntary bankruptcy petition.

On January 27, 1966, in an indictment filed in the District of Hawaii appellant was charged in two counts of violating 18 U.S.C. § 152 by making false oaths in the said bankruptcy proceeding. About a month later appellant entered a plea of *nolo contendere* to Count I of said indictment which charged that "he did knowingly and fraudulently fail to dis-

close that among the assets of the said bankrupt was a 1960 Peuguot [sic] sedan * * *." On motion of the government Count II of the indictment was dismissed. On March 28, 1966, appellant was placed upon three years' probation.

Approximately two months later the probation officer filed a petition for revocation of probation, alleging in part that prior to being placed on probation and from March 28, 1966, to June, 1966, appellant had willfully and knowingly concealed from the probation officer and the court that he had, under the name of Dorman Pat True Long, filed a bankruptcy proceeding in the District of Hawaii and on December 6, 1961, been discharged from his debts. The petition further alleged that in the bankruptcy proceeding filed February 11, 1965, appellant had made false answers to questions about prior bankruptcy proceedings and false answers to questions as to whether he had ever gone under any other name than Pat Trueblood Longknife. The petition for revocation further stated "That in view of the defendant's withholding pertinent facts of circumstances which occurred before the granting of probation and his continuing to withhold such information during the period of probation in spite of his being given an opportunity to do so by Affiant up to as late as 1 June 1966, the writer feels that had the Court been cognizant of the information withheld by the defendant and now made known to the Court by the Affiant, the Court would not have granted probation to the defendant."

A hearing before the court upon the petition for revocation was held where appellant, who was represented by counsel, testified. Prior to taking the witness stand the court advised him that he did not have to testify and that he could claim the privilege against self-incrimination at any time. After receiving this advice, the appellant stated that he understood it and voluntarily took the witness stand. He admitted that he had filed the prior bankruptcy petition in 1961 under the name of Long and that

answers contrary to these facts were contained in his bankruptcy petition filed in 1965. When asked concerning these answers he at one time stated that he didn't believe that the questions had been asked him, at other times he stated that "he didn't remember" what questions were asked him. In the course of his examination it was shown that he had gone by the name of Dorman Long since childhood, had entered school under that name, and had served in the armed forces under that name. He stated that about 1962 he started using the name of Pat Trueblood Longknife. This was subsequent to the time that he filed the first petition in bankruptcy. He gave as a reason for adopting the name of Longknife that "I wanted to bury the whole past." He stated, "I was just tired of what I had been and changed."

"Q. I see. And it was your belief at that time that by changing your name, you'd change your whole life, is that correct?

"A. That's correct.

"Q. Is that what you want this court to believe?

"A. That's correct."

When he was asked about his conferences with his attorney at the time of the filing of the second petition in bankruptcy, he stated that he was unable to remember whether or not he had been asked by the attorney if he had at a prior time filed bankruptcy proceedings. He admitted that he did not tell the lawyer that he had ever been known under the name of Dorman Long. His answers to the questions before the court lack the ring of truth, even if they could not be characterized as downright falsehoods.

During the course of the examination before the court he was shown the debtor's petition that he filed in 1965 and was asked the following question:

"Q. I wonder if you would tell us everything on there that is incorrect.

"A. I'd like to stand on that one. I'd like not to answer that one at this point."

A continuance of the hearing was had shortly thereafter and at the time of the next hearing counsel for appellant stated, "My client has indicated that he does not want to answer that particular question —the last question * * *."

At the conclusion of the hearing the district judge in a written order revoked appellant's probation, stating among other things:

"Mr. Longknife's lack of candor in purporting to invoke a supposed privilege against self-incrimination regarding the details of an offense that he admittedly had committed, is sufficient reason in itself for revoking his probation.

"In addition, a careful reading of the authorities convinces this Court that it is not powerless in a case, such as this, where a defendant has achieved probation by means of deception, fraudulent concealment, and by merely pretending to cooperate with the Court and its probation officers."

Appellant seeks reversal of this decision on the grounds that the judge acted beyond the scope of his discretion since the defendant had committed no acts *during his probation* upon which a revocation could be based. We affirm.

 Probation for a convicted defendant is not a matter of right, but is a matter of grace and clemency. Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Kaplan v. United States, 234 F.2d 345, 347 (8th Cir. 1956); Kirsch v. United States, 173 F.2d 652, 654 (8th Cir. 1949). The granting of probation and the conditions upon which it is granted are matters purely within the discretion of the court having jurisdiction over the convicted defendant. United States v. Squillante, 235 F.2d 46 (2d Cir. 1956); Reed v. United States, 181 F.2d 141 (9th Cir. 1950). Likewise, revocation of probation already granted is a matter of discretion. Burns v. United States, supra; Reed v. United States, supra. Thus, the determinative issue in this case is whether the judge below abused his discretion by revoking appellant's probation.

The Supreme Court set broad limits upon the court's discretion in granting or revoking probation in Burns v. United States, supra, where the Court said:

"Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the Act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. *No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the orig-*

*inal grant.* The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant." Burns v. United States, 287 U.S. 216, 220–21, 53 S.Ct. 154, 155, 77 L.Ed. 266. (Emphasis added.)

In Kirsch v. United States, supra, the Eighth Circuit applied the Burns standard, and concluded that it was not an abuse of discretion for the court to review the facts upon which the initial grant of probation was made, when considering revocation for a violation of a condition of probation.

Appellant urges that the *Kirsch* decision should be limited to those situations in which there has been some condition of the probation violated. We disagree. Such a construction of *Kirsch* would be giving probation a contractual aspect which *Burns* strictly prohibits. *Burns* gave the court the discretion to look at the wisdom and justice of continuing probation, but it nowhere provided that the discretion could only be exercised when the probationer has been in "breach" of his probation conditions. Quite the contrary, the Court held that the *only limit* placed upon the exercise of the judge's discretion is that he must be satisfied that his action will subserve the ends of justice and the best interests of both the public and the defendant.

 In this case, the judge made it quite clear that had he known about the defendant's prior bankruptcy, his use of an alias, and his efforts to knowingly and fraudulently conceal these facts from the court and the probation officer, he would not have granted probation in the first instance. It would clearly have been within his discretion to not grant it. It was thus equally within his discretion to have revoked the probation when the additional facts came to his attention. Otherwise, the judge would be forced into the position of saying that while he is quite convinced that the best interests of both the public and the defendant would be served were the defendant not on probation, he is irrevocably bound by his initial, albeit erroneous, grant of probation. This is a position clearly not consonant with the *Burns* decision. See Kaplan v. United States, supra.

Since we find that there was otherwise sufficient basis for the revocation, we do not reach the issue of whether or not a judge may base a revocation upon a valid assertion of the privilege against self-incrimination.

Affirmed.