**UNITED STATES of America**

v.

**Billy HULL.**

**No. CR–1–75–7.**

United States District Court,
E. D. Tennessee, S. D.

May 6, 1976.

Hugh Moore, Asst. U. S. Atty., John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., for plaintiff.

Jerry Summers, Wayne Grant, Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

The defendant, Billy Hull, was charged on a two-count indictment upon March 26, 1975, for income tax violations under 26 U.S.C. § 7201. Pursuant to plea agreement procedures set forth under Rule 11(e) of the Federal Rules of Criminal Procedure, the attorney for the defendant and attorney for the government reached an agreement that upon defendant's entering a plea of guilty, a particular sentence would be recom-

mended to the Court. Upon June 17, 1975, the presiding judge accepted the defendant's plea of guilty to both counts and in accordance with the plea agreement reached by the parties, imposed a sentence of one year and a fine of $1,500.00 upon each count, all but 75 days of the sentence being suspended and the defendant being placed on probation for a period of 18 months, concurrent as to counts. The plea agreement was accepted and sentence imposed thereon without a presentence report. Subsequently, and upon November 6, 1975, the defendant was indicted by a state grand jury on a charge of being an accessory before the fact to a murder, the offense alleged to have occurred upon May 1, 1973. Upon April 24, 1976 the defendant was convicted of this offense in the state court. Upon April 27, 1976 this Court entered an order that the defendant show cause why his probation should not be revoked by reason of this state court conviction for an offense laid prior to his conviction and sentence in this court, but undisclosed at the time of sentencing. This case is presently before the Court upon a motion filed by the defendant to strike the show cause order. For the reasons hereinafter stated, the Court is of the opinion that the defendant's motion should be sustained.

■ First, it should be noted that the defendant is not alleged to have violated any probationary conditions during the period of his probation, this being the usual grounds for probation revocation. See 18 U.S.C. § 3651. Rather, the defendant's conviction in state court on April 24, 1976, was for an offense committed prior to the time the plea agreement was accepted by the Court in this case. As reflected in the arraignment and sentencing procedures, at the time the plea agreement was accepted and sentence imposed thereon, the presiding judge was not aware of these prior acts of defendant which subsequently led to the state court conviction. Although it is a well established principle of law that a probationary sentence may be subject to revocation for undisclosed offenses occurring prior to imposition of the probationary sen-

tence, *United States v. Ecton*, 454 F.2d 464 (9th Cir. 1972); *Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir. 1967), *cert. denied*, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968), the issue before the Court in this case is whether undisclosed offenses occurring prior to the acceptance of a plea bargain and prior to defendant's probation period, which otherwise would be relevant in determining whether or not the Court should accept the plea agreement, would upon subsequent discovery justify a revocation of the plea agreement and revocation of the defendant's probation.

 The procedures governing plea agreements between the attorney for the government and the attorney for the defendant are found under Rule 11(e), F.R. C.P. These procedures include the requirement that the defendant be allowed to withdraw his plea of guilty should the Court decline to accept the plea agreement as recommended by the United States Attorney. Since the plea agreement was accepted and the portion of the sentence involving imprisonment has now been served, a revocation of the probationary portion of the sentence for offenses committed prior to the imposition of sentence would be impermissible, as such action would be tantamount to a non-acceptance by the Court of the plea agreement at a time when the defendant could no longer be afforded his right, pursuant to Rule 11, F.R.C.P., to withdraw his pleas of guilty and be rearraigned in the case. In short, the requirement of Rule 11, F.R.C.P., that the defendant be allowed to withdraw his plea of guilty upon non-acceptance by the Court of a plea agreement negotiated with the United States Attorney prohibits the Court, after acceptance of the plea and imposition of the sentence thereon, from revoking a probationary sentence imposed in accordance with the plea agreement on the basis of an offense committed prior to the imposition of sentence but undisclosed at the time of sentencing. The circumstances of the present case illustrate the desirability of a presentence investigation in all cases, including those in which the United States Attorney has engaged in plea negotiations.

While a presentence investigation would not necessarily have disclosed the prior offense now disclosed in this case, as no charges were pending thereon at the time of the sentencing herein, the possibility of non-disclosure of information relevant to sentencing is increased by the absence of a presentence report.

An order will enter in accordance with this memorandum dismissing the probation revocation show cause order heretofore entered in the case.