Hillsborough, }
.Dec. 6, 1927. }

## MARY KRUZAS *v.* JOHN O'DOWD.

174

*William A. Joyce* and *Frederick J. Gaffney*, for the plaintiff.

*George I. Haselton*, solicitor, for the defendant.

PEASLEE, C. J. The allegations in the petition do not set out any infringement of the plaintiff's rights. The contention that when a sentence for violation of the liquor law has been suspended it can thereafter be enforced only upon proof of a subsequent violation of the same law is not well founded. *Couture* v. *Brown*, 82 N. H. 459. But it is alleged that in this instance there was an understanding that the condition to be complied with was so limited in fact. Assuming that the record could be amplified or modified by proof of such understanding, the case stands no better. The sentence was enforced because of a violation conceded to be within the terms of the order; and to avoid this it is claimed that the finding of such violation is invalid.

The question, whether there has been a violation of the terms upon which a sentence is suspended, is triable (so far as triable at all) in the court which made the order of suspension. The decision of that question is not a matter which is subject to an appeal. *Philpot* v. *State*, 65 N. H. 250.

If error of law was committed in reaching the conclusion that the mittimus should issue, it might be corrected under the general superintending power of the court. *Broderick* v. *Hunt*, 77 N. H. 139.

Whether it could be revised in this proceeding is not so clear. The common-law rule was that it could not be. If the lower tribunal had jurisdiction, its acts could not be revised upon *habeas corpus*. *State* v. *Towle*, 42 N. H. 540; *State* v. *Shattuck*, 45 N. H. 205. The proper proceeding would be an application for a writ of *certiorari*. *Sylvester* v. *State*, 65 N. H. 193. But as this defect in the proceedings could be obviated by adding to the petition a prayer for other relief (*Philpot* v. *State*, 65 N. H. 250, 252), all the plaintiff's claims have been considered.

The substance of the complaint is that the plaintiff has appealed from the second conviction and expects to shortly obtain from a jury a verdict of not guilty, and that this verdict will in every respect invalidate the finding of the municipal court to the contrary. Granting that the plaintiff's expectations are well grounded and to be fulfilled, no error in the action taken is shown. It was the duty of the court to try the second complaint and find the fact as to her guilt. This decision was appealable. It was also incumbent upon the court to determine whether any condition for the continuance of suspension of execution in the first case had been violated. This decision was not appealable. The appeal which vacated the verdict on the second complaint had no effect upon a finding incident to the other case.

If there had been no second complaint, or if that complaint had been for an offense in Manchester, outside the jurisdiction where the first judgment was entered, it would still have been within the power of the court to ascertain the facts as to the second offense for the purpose of acting upon the motion that a mittimus be issued for the first offense. The two proceedings are independent.

There is no suggestion that the court acted without evidence. The sole complaint is that upon this motion there was a conclusion which was wrong in fact. That would be no ground for complaint. *Broderick* v. *Hunt, supra.*

The question, whether a convicted defendant would be entitled to notice and hearing upon a motion to revoke a suspension like the one entered here, is not presented; and the foregoing observations are not to be taken as indicating an opinion upon that subject.

As the petition shows upon its face that the plaintiff is not entitled to the relief prayed for, the ruling of the superior court that the petition be dismissed without any issuance of the writ was correct. *Petition of Moebus*, 73 N. H. 350.

*Exception overruled.*

All concurred.