UNITED STATES of America,
Appellee,

v.

Charles MARKOVICH, Jr., Appellant.

No. 485, Docket 29489.

United States Court of Appeals
Second Circuit.

Argued May 18, 1965.

Decided July 12, 1965.

Ezra H. Friedman, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Andrew T. McEvoy, Jr., Asst. U. S. Atty.), for appellee.

Iannuzzi & Iannuzzi, New York City, for appellant.

Before WATERMAN, MARSHALL, and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

The general conditions of probation applicable to a person convicted of a federal crime in the Southern District of

New York whose sentence is suspended and who, instead, is placed on probation, were formalized by the judges of the Southern District in an order filed June 8, 1932. The order has had continuing force, and an acceptance of probation when execution of sentence has been suspended constitutes an acceptance of these conditions. One of the conditions is that the probationer "shall not leave the jurisdiction of this Court without permission of the Probation Officer"; another that the probationer "shall not violate any State or Federal Penal Law."

At any time within the probation period the probationer may, for cause, be arrested and as speedily as possible be taken before the court which "may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, * * *." 18 U.S.C. § 3653.

A petition was presented to the United States District Court for the Southern District of New York by the Chief U. S. Probation Officer of that court alleging that appellant, a previous violator of his probation, had again violated it during the probation period in that he had left the Southern District without permission and had, on November 12, 1962, acting in concert with two others, stolen a valuable mink coat in New Jersey.

Judge Wyatt, after a full hearing on the petition, found both allegations credible, revoked appellant's probation, and imposed an eighteen months' prison sentence upon him. Appellant appeals from this order. We affirm Judge Wyatt.

The historical facts prior to the hearing are set forth in the unreported opinion of the district judge:

"Defendant was indicted with many others for conspiracy to defraud the United States by presenting false claims to the Veterans Administration, etc. (18 U.S.C. § 371).

"Defendant pleaded guilty and on August 10, 1954 was sentenced by the late Judge Noonan to a term of five years imprisonment, to begin when defendant should be released from a state prison where he was then confined. The execution of sentence was suspended and defendant was placed on probation, to begin when defendant was released from the state prison.

"On April 21, 1956 defendant was released from the state prison and his probation under the sentence of this Court began.

"On December 22, 1958 defendant admitted in this Court having violated probation in these respects: he associated with undesirable persons, he gave false information to the probation officer, he withheld information as to a change in his employment, and he failed to report a change of residence.

"On January 9, 1959 Judge Murphy decided to overlook the violation of probation and continued defendant in that status.

"On April 27, 1959, defendant pleaded guilty in the Court of General Sessions, State of New York, to attempted bribery, first degree. On August 29, 1962, this was found to be a violation of his probation. Judge Metzner then and on the same day revoked probation, vacated the suspension of execution of sentence, sentenced defendant to two years imprisonment but suspended execution of this sentence and placed defendant on probation for two years."

The evidence of the Probation Officer in support of his petition was never disputed or contradicted.

A New Jersey State Trooper detective testified that he had reason to be suspicious of one of the occupants of a convertible in which appellant and two others were fleeing south on the New Jersey Turnpike, gave chase, learned by radio of the theft from a parked car of a mink coat, had reason to suspect the occupants of the convertible of that theft, overtook them in Newcastle, Delaware, where they were being held as a result of the radio broadcast, and recovered the stolen coat concealed in the car's boot. It was also uncontradicted that after this arrest appellant was prosecuted in New Jersey for the theft of the coat and upon arraignment there pleaded "Not Guilty,"

but had not been brought to trial or convicted at the time of the hearing below. Unchallenged, also, was a probation officer's testimony that after Judge Metzner's order of August 9, 1962 the officer had served appellant with a written statement of the general conditions of probation, and an added special condition requiring a restitution; that appellant had read this statement and had given a written receipt for it, and until appellant's arrest on November 12, 1962 had regularly reported in compliance with the condition in the Standing Probation Order requiring him to so report. He also testified that appellant had never secured any permission to leave the Southern District of New York, or to go to New Jersey, or to Delaware, and, moreover, had been specifically advised that he could not leave the Southern District without first obtaining the probation officer's permission.

■ First, appellant appears to contend that, despite the two year sentence he imposed, Judge Metzner did not intend that appellant should be subject to the general conditions of probation but only to a single special one that restitution be made even though that very day appellant accepted the conditions contained in the standing probation order. He also argues that as the probation officer presented the notice and order to him outside the courtroom after the customarily phrased judgment order was entered while appellant was not in open court the conditions he then accepted do not bind him. See Rule 43, Fed.R. Crim.P. However, appellant *was* in court and before the judge when Judge Metzner pronounced the sentence granting appellant the opportunity to be on probation for two years instead of serving those two years behind prison walls. If the judge had intended the special restitution condition to be the only condition of probation he would not have fixed a definite term of probation that was coterminous with the imposed prison term. Standard probation conditions need not be recited in open court, Manning v. United States, 161 F.2d 827 (5

Cir.), cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947), and here the judge was dealing with a man already enjoying the privilege of probation and who was fully acquainted with those conditions.

Second, appellant maintains on appeal that in order to establish his breach of probation it was necessary to prove he stole the mink coat, that he is presumed to be innocent of this crime, that before proceeding with the revocation of probation hearing the federal court was required to await disposition of the New Jersey criminal trial, and that as a result of declining to delay Judge Wyatt convicted him of having stolen the mink coat while appellant was deprived of the constitutional rights that would be his if his guilt were first to be determined at his trial for the substantive offense in the New Jersey courts.

■ Probation may be revoked when the judge is satisfied that a state or federal law has been violated, and conviction is not a prerequisite, Kirsch v. United States, 173 F.2d 652, 654 (8 Cir. 1949); Neely v. United States, 151 F.2d 533 (5 Cir. 1945); Jianole v. United States, 58 F.2d 115, 117–118 (8 Cir. 1932); Riggs v. United States, 14 F.2d 5, 10 (4 Cir.), cert. denied, 273 U.S. 719, 47 S.Ct. 110, 71 L.Ed. 857 (1926). Moreover, if a criminal prosecution has been started based upon probationer's conduct the probation court need not await conclusion of those proceedings, United States ex rel. MacLaren v. Denno, 173 F.Supp. 237, 241 (S.D.N.Y.), aff'd on opinion below, 272 F.2d 191 (2 Cir. 1959) cert. denied, 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155 (1960); Jianole v. United States, supra.

■■ The finding that appellant had violated his probation was based upon the New Jersey officer's testimony, the proceedings were in accord with federal practice, the order revoking appellant's probation does not preclude him from being tried in New Jersey nor prejudge any defenses he may assert there, nor lessen New Jersey's burden at that trial

that he must be proved guilty beyond a reasonable doubt.

The court below, exercising its sound discretion, determined upon the evidence produced before it that appellant should suffer institutional punishment for an offense he had previously been convicted of having committed. It was satisfied that appellant had abused the opportunity granted him not to be incarcerated and that his conduct had not been as good as is required of one enjoying the privilege of probation. Roberts v. United States, 320 U.S. 264, 272, 64 S.Ct. 113, 88 L.Ed. 41 (1943), Yates v. United States, 308 F.2d 737, 739 (10 Cir. 1962). The act of grace extended to one convicted of a crime through a suspension of the execution of the sentence imposed after that conviction can be withdrawn in the discretion of the sentencing court when the court is satisfied that the recipient of its grace is unworthy of it. The determinative issue before us is whether the judge below abused his discretion. We hold that he did not, and affirm his order.