UNITED STATES of America, Plaintiff-Appellee,

v.

Michael A. CARRION, Defendant-Appellant.

No. 71-2607.

United States Court of Appeals, Ninth Circuit.

March 28, 1972.

Alan Saltzman, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Richard A. Stilz, Darrell McIntyre, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

Carrion appeals from the revocation of his probation. On March 4, 1969, Carrion pled guilty to a two count information charging illegal acquisition of marijuana and bail jumping, and was placed on probation for a period of three years. He was ordered to obey all federal, state and local laws.

On February 18, 1970, Carrion was arrested for possession of marijuana, a state charge to which he pled guilty. On April 23, 1970, appellant was convicted by a jury of the federal offense of conspiring to smuggle marijuana. On the basis of these two convictions, his probation was revoked and he was sentenced to imprisonment.

On the date of the revocation hearing, the conspiracy conviction was still pend-

ing on appeal. Carrion argues that the district court abused its discretion by predicating the revocation of his probation upon a conviction which was not yet final. We think not.

First, the state conviction was final and there was ample evidence that Carrion had violated the terms of his probation. *See, e. g.* United States v. Johnson, 9 Cir., 1969, 415 F.2d 1130. Second, though Carrion's federal conviction was pending on appeal, the judge was warranted in viewing that conviction as evidence that Carrion had violated federal law. Probation may be revoked when the judge is reasonably satisfied that a state or federal law has been violated, and conviction is not a prerequisite. United States v. Markovich, 2 Cir., 1965, 348 F.2d 238, 240; Bernal-Zazueta v. United States, 9 Cir., 1955, 225 F.2d 64, 68; Gross v. Bishop, 8 Cir., 1967, 377 F.2d 492; United States v. Cates, 4 Cir., 1968, 402 F.2d 473; Amaya v. Beto, 5 Cir., 1970, 424 F.2d 363.

Affirmed.