Hillsborough
No. 6428
No. 6391

LAWRENCE STONE v. LAWRENCE J. SHEA, SHERIFF

RICHARD LEMIRE v. THOMAS L. BOUCHARD, ADM'R,

HILLSBOROUGH COUNTY HOUSE OF CORRECTION

April 30, 1973

*New Hampshire Legal Assistance, Richard M. Grimsrud* and *Richard N. Ross (Mr. Ross* orally), for the plaintiff Stone.

*New Hampshire Legal Assistance, Richard N. Ross* and *Philip P. Houle (Mr. Ross* and *Mr. Houle* orally), for the plaintiff Lemire.

*Warren B. Rudman,* attorney general, *Howard B. Myers,* attorney, and *Thomas D. Rath,* attorney (Rule 23) *(Mr. Myers* and *Mr. Rath* orally), for the defendants.

Duncan, J. The plaintiff in each of these cases petitions for a writ of habeas corpus. The record concerning the petition of the plaintiff Stone, filed in the superior court, shows that on October 12, 1971, Stone was convicted by the Manchester District Court of the offense of assault, in proceedings in which he was represented by counsel. He was sentenced to serve three months in the house of correction, and appealed to the superior court. Bail was fixed at $100. Thereafter, on petitions filed by the chief of police in September 1971, the district court on October 12, 1971, ordered Stone committed to the house of correction for three months and fifteen days, pursuant to suspended sentences previously imposed by the court on his conviction on May 13, 1970, of the offense of assault, and on June 24, 1970, of the offense of breach of the peace. RSA 607:12.

The Superior Court, *Loughlin,* J., pending determination of the petition released Stone on his own recognizance, and reserved and transferred to this court without ruling the questions of whether "a defendant [is] entitled to formal notice of specific allegations constituting a violation of good behavior" and a hearing thereon "prior to the granting of a mittimus for the execution of a suspended sentence."

The record in the *Lemire* case shows that a complaint against Lemire for illegal possession of a controlled drug on January 9, 1972 (RSA 318-B:26 I (b) (2) (Supp. 1972)), was dismissed by the Manchester District Court on January 20, 1972, after Lemire's motion to suppress illegally seized evidence had been granted by the court. A hearing was then held on the

petition of the chief of police to determine whether suspension of a six-month sentence previously imposed on April 23, 1971, by the same court for a like offense should be revoked. The parties have stipulated that the district court found that Lemire's possession of a controlled drug on January 9, 1972, evidence of which was suppressed at the hearing on the 1972 complaint, constituted breach of the good behavior condition of the prior suspended sentence. Following a hearing, the suspension of the prior sentence was revoked and Lemire was ordered committed to the house of correction for thirty days. The petition for habeas corpus was then filed in the superior court, and committal was stayed pending final disposition of the petition. The questions of law presented were reserved and transferred to this court by *Mullavey*, J.

Issues with respect to revocation of probation or of the suspension of sentences presented and argued by the plaintiff Stone range over a wide field of procedural matters concerning which we are urged to establish guidelines. The abstract questions transferred without ruling in his case, presumably at the urging of his counsel, were not presented by the pleadings or record in either the superior or district court. It appears that Stone was represented by counsel when he was convicted of assault on October 12, 1971, and when the mittimus was issued, revoking suspension of his prior sentences. There is no allegation of lack of notice and hearing concerning either the offense of which he was then convicted and from which he appealed, or concerning the revocation of suspension of the earlier sentences upon which mittimus was issued. In the absence of any transcript of the proceedings, it must be presumed that the evidence which led to the conviction on October 12, 1971, furnished sufficient warrant for the action of the district court in its exercise of its discretion to revoke the suspension of his prior sentences.

The plaintiff concedes, and we agree, that proof of breach of the implied condition of good behavior need not be beyond a reasonable doubt, but is sufficient if established by a preponderance of the evidence. Final conviction of the most recent offense was not a prerequisite to revocation of prior suspensions. *Kruzas v. O'Dowd*, 83 N.H. 173, 139 A. 580 (1927);

*United States v. Carrion,* 457 F.2d 808 (9th Cir. 1972); *United States v. Markovich,* 348 F.2d 238 (2d Cir. 1965).

The procedural guidelines sought by the plaintiff Stone have been afforded during the pendency of these petitions by the recent decisions of the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593, decided June 29, 1972. There the court set forth the "few basic requirements . . . which are applicable to future revocations of parole" (*id.* 489) which likewise appear to apply with equal force to future revocations of probation and suspension. *See also Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); ABA Standards Relating to Probation § 5.4 (Approved Draft 1970).

The issue discussed at the superior court hearing on Stone's petition and presented by the pleadings was whether the evidence before the district court which resulted in conviction might be used to support the revocation of suspension of prior sentences of the court, although an appeal from the last conviction was pending. The authorities plainly indicate that it may, and we so hold. *Kruzas v. O'Dowd supra; United States v. Carrion supra; United States v. Markovich supra.*

We turn now to consideration of the issues presented by the petition of Lemire. The issue raised by his petition and by the agreed statement of facts closely parallels the issue in the *Stone* case, although the arguments of counsel were more expansive. The issue in *Lemire* is whether the district court could properly revoke suspension of a prior sentence in reliance upon evidence which was suppressed in a pending prosecution, because of illegal search and seizure. The considerations controlling in the *Stone* case likewise control here. The evidence, even though inadmissible in the criminal case, must be presumed to have been sufficient to warrant the district court's finding of a breach of the condition of good behavior upon which the prior sentence was suspended. The question was whether he had failed to conduct himself in a manner consistent with the safety of society so as to entitle him to remain free from confinement. *Scott v. State,* 238 Md. 265, 208 A.2d 575 (1965).

"Assuming that the exclusionary rule has a deterrent effect on proscribed police conduct, sufficient deterrence flows

when the evidence in question is made unavailable to the prosecution in its case in chief." *Harris v. New York,* 401 U.S. 222, 225, 28 L. Ed. 2d 1, 4, 91 S. Ct. 643, 645 (1971). In *Morrissey v. Brewer supra,* the Court expressed the view that "the [revocation] process should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial". *Id.* 489, 92 S. Ct. 2604. This view is consistent with the weight of earlier authority so holding. *Scott v. State supra; United States v. Hill,* 447 F.2d 817, 818 (7th Cir. 1971); *United States ex rel. Sperling v. Fitzpatrick,* 426 F.2d 1161 (2d Cir. 1970); *United States ex rel. Lombardino v. Heyd,* 318 F. Supp. 648 (E.D. La. 1970) *aff'd,* 438 F.2d 1027 (5th Cir. 1971); *see United States v. Kenny,* 462 F.2d 1205, 1225 (3d Cir. 1972).

> *In Stone v. Shea, the order is petition dismissed.*
> *In Lemire v. Bouchard, the order is petition dismissed.*

KENISON, C. J., did not sit; GRIMES, J., dissented in part; the others concurred.

GRIMES, J., dissenting in part and concurring in part:
I concur in *Stone* but dissent in *Lemire.* The cases cited by the court support its position but I disagree with those cases, which are in no way binding on this court. There is little difference between convicting a man on unconstitutional evidence and revoking his probation and sending him to prison on the same evidence.

The fourth amendment "protects *all,* those suspected or known to be offenders as well as the innocent". *Go-Bart Importing Co. v. United States,* 282 U.S. 344, 357, 75 L. Ed. 374, 382, 51 S. Ct. 153, 158 (1931) (emphasis added); *Ker v. California,* 374 U.S. 23, 33, 10 L. Ed. 2d 726, 737, 83 S. Ct. 1623, 1629 (1963).

The more often stated basis for the exclusionary rule is to deter unconstitutional police action. The use of the evidence as in this case dilutes that deterrent effect. The second and, I believe, the more important basis of the rule is the "imperative of judicial integrity". *Elkins v. United States,* 364 U.S. 206, 222, 4 L. Ed. 2d 1669, 1680, 80 S. Ct. 1437, 1447 (1960); *Mapp v. Ohio,* 367 U.S. 643, 659, 6 L. Ed. 2d 1081,

1092, 81 S. Ct. 1684, 1694 (1961). The use of evidence by the court has the necessary effect of legitimizing the police conduct which produced the evidence. *Terry v. Ohio,* 392 U.S. 1, 13, 20 L. Ed. 2d 889, 901, 88 S. Ct. 1868, 1875 (1968).

The use of such evidence obtained in violation of the fourth amendment results in a society seeking to live off violations of "the charter of its own existence." *Mapp v. Ohio,* 367 U.S. 643, 659, 6 L. Ed. 2d 1081, 1092, 81 S. Ct. 1684, 1694 (1961).

Both reasons for the exclusionary rule require that such evidence not be used as it was in this case.