COMMONWEALTH vs. RICHARD I. LUDWIG.

Norfolk.    April 9, 1975. — June 12, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Constitutional Law,* Trial by jury, Double jeopardy, Speedy trial. *Practice, Criminal,* "Two-tier" court system.

Where a defendant was found guilty of driving to endanger by a District Court judge following denial of a motion for jury trial and appealed to the six man jury session of the District Court pursuant to G. L. c. 278, § 18, as amended, and there duly excepted to the denial of his motion to dismiss based on the ground that the court lacked "jurisdiction" because of the alleged improper refusal of a jury trial by the court below and was found guilty, his exceptions were properly before the Supreme Judicial Court for review. [139-140]

The decision in *Whitmarsh* v. *Commonwealth,* 366 Mass. 212 (1974), holding untenable claims that the Commonwealth's "two-tier" court system infringed constitutional rights to a speedy trial, to a jury trial, and not to be put in double jeopardy, reaffirmed. [140]

COMPLAINT received and sworn to in the District Court of Northern Norfolk on February 1, 1974.

The case was heard by *Virostek, J.*

*Robert W. Hagopian* for the defendant.

*Paul S. Zonderman,* Special Assistant District Attorney, for the Commonwealth.

KAPLAN, J.   This is one of a series of cases in which the defendant's counsel, representing a number of clients, has sought to test the constitutionality of the Commonwealth's "two-tier" or "trial de novo" system,[1] a procedure by which those accused of certain offenses may be

---

[1] See the listing of such cases in *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 218, fn. 4 (1974); *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35, 39-40, fn. 3 (1975). See also a connected case, *Costarelli* v. *Massachusetts,* 421 U. S. 193 (1975).

tried first in a District Court without a jury, and, if con-
victed there, may secure a fresh trial, to a jury, at the
next higher court level.  See G. L. c. 278, § 18.

We need to refer here to one of the prior proceedings.
In *Whitmarsh* v. *Commonwealth*, 366 Mass. 212 (1974),
app. dism. 421 U. S. 957 (1975), Whitmarsh was tried in
a District Court on a charge of operating a motor vehicle
while under the influence of intoxicating liquor; he moved
at the outset for trial by jury; the motion was denied.
On trial he was found guilty.  He appealed to the Su-
perior Court where he would be entitled to a trial de
novo with a jury.  He moved in that court to dismiss,
insisting on the invalidity of the procedure from the start.
Pending decision of the motion, he filed a so called "inter-
locutory appeal" in this court for Suffolk County asking a
declaration that the two-tier system was unconstitutional,
and an injunction against further prosecution of the
criminal charge.  A single justice of this court denied the
injunction and reserved and reported the case.  We held
that the "interlocutory appeal" could not be maintained,
and we declined exercise of extraordinary power under
our superintendency statute, G. L. c. 211, § 3.  But "in
view of the nature of the question which . . . [Whit-
marsh] attempted to raise and in view of the fact that . . .
[Whitmarsh's] counsel appears determined to raise the
same question in other cases" (*id.* at 218), we undertook
to state our opinion on the claimed infractions of con-
stitutional rights — the right to a speedy trial under the
Sixth Amendment, the right to jury trial under the Sixth
Amendment and art. 12 of the Massachusetts Declaration
of Rights, and the guaranty against double jeopardy
under the Fifth Amendment.  We held each of these
claims to be untenable.  *Id.* at 218-228.

In holding that the "interlocutory appeal" was not
available, we indicated how a final decision might be
obtained that would be subject to regular appellate
review.  We said, "If his motion were denied [i.e., Whit-
marsh's motion in the Superior Court to dismiss], and if

he were thereafter tried in the Superior Court and found guilty . . . [Whitmarsh] would have available to him an opportunity for appellate review of the ruling on his motion as a matter of right by saving and perfecting exceptions thereto." (*Id.* at 216.)   Counsel followed that line in the present case.   Here the defendant Ludwig, charged in the District Court of Northern Norfolk with driving to endanger (G. L. c. 90, § 24 [2] [a]), moved for a jury trial, which the judge denied; the defendant was then found guilty.   In the de novo proceeding in the District Court of Northern Norfolk, Six Man Jury Session (similar for present purposes to a de novo proceeding in the Superior Court, see G. L. c. 278, § 18), the defendant moved to dismiss, claiming among other things that the court lacked "jurisdiction" because of the improper refusal of a jury at first instance.   The motion was denied over due exception, and the defendant was fined $20.   Imposition of sentence was stayed, and the case is before this court on a bill of exceptions, as amended, which in effect raises again the constitutional claims.

The case is properly here for review.   The attack on "jurisdiction" is but a flourish, and adds nothing to the constitutional points above mentioned which the defendant's counsel has been pressing with repetitious insistence. We have suffered no change of mind on the constitutional issues since the *Whitmarsh* decision.

*Exceptions overruled.*