KELLEY RUBERA vs. COMMONWEALTH.

Suffolk.  April 6, 1976. — October 13, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, & BRAUCHER, JJ.

*Practice, Criminal,* Probation. *Constitutional Law,* Due process of law. *Commissioner of Probation,* Standards.

A conviction in a District Court which was appealed to the Superior Court for a trial de novo properly constituted a basis for the revocation of probation imposed on a prior conviction. [180-185]

A guideline established by the Commissioner of Probation under G. L. c. 276, § 99, that a finding of guilt on a criminal complaint which was pending appeal should not be admissible in a hearing for revocation of probation imposed on a prior conviction did not have the force or effect of law, and the failure to follow the guideline did not constitute legal error. [185-186]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on April 11, 1975.

The case was heard by *Kaplan, J.*

*William J. Leahy* for the petitioner.

*Robert V. Greco,* Assistant Attorney General, for the Commonwealth.

QUIRICO, J.  This is a petition for a writ of error by which the petitioner seeks to vacate an order of a judge of a District Court revoking her probation and ordering that she serve a sentence previously imposed but suspended. The case was submitted to a single justice of this court for Suffolk County for decision on "a complete statement of all material facts" signed and filed by the parties. After a hearing thereon the single justice caused a judgment to be entered as follows: "No error having been found, the order of April 7, 1975, finding the petitioner in violation of probation be, and the same is hereby af-

firmed." The case is now before us on the petitioner's appeal from that judgment. We affirm the judgment.

We summarize the pertinent agreed facts. On September 26, 1974, the petitioner was found guilty in the Third District Court of Eastern Middlesex (District Court) on a complaint charging her with uttering a forged instrument (complaint No. 2783), was sentenced to a house of correction for two months, and the sentence was suspended and she was placed on probation for one year. On December 31, 1974, she was arraigned in the District Court on complaints charging her with attempting to commit larceny and being a disorderly person (complaints Nos. 5691-5692). On January 7, 1975, she was given a written notice of surrender for the alleged violation of her probation on complaint No. 2783, the alleged violation stated therein being her arrest on complaints Nos. 5691-5692. On March 13, 1975, a judge sitting in the District Court (first judge) (a) found the petitioner guilty on complaints Nos. 5691-5692 and continued the matter to April 7, 1975, for disposition, and (b) determined that there was probable cause to believe that the petitioner had violated her probation on complaint No. 2783 "[b]y attempting to steal a welfare check. Her probation case is for forgery of a welfare check." We infer that the quoted words "attempting to steal a welfare check" refer to the offense of attempted larceny charged in complaint No. 5691.

On April 7, 1975, a different judge sitting in the District Court (second judge) presided over the hearing of the following matters involving the petitioner: (a) the hearing on the revocation of her probation on complaint No. 2783, and (b) the imposition of sentences pursuant to her convictions on complaints Nos. 5691-5692.[1] Before disposing of these matters the second judge was informed by a

---

[1] On the same date the second judge also held a probable cause hearing on an unrelated charge against the petitioner for assault and battery by means of a dangerous weapon, and he bound her over to the grand jury. It does not appear from the statement of agreed facts that this matter was a factor in the revocation of the probation on complaint No. 2783.

probation officer that the first judge had found the petitioner guilty on complaints Nos. 5691-5692 on March 13, 1975. We infer that the fact of those convictions was apparent on the records before the second judge since he was about to impose sentences on those complaints. After hearing the parties the second judge made a written finding that the petitioner had violated her probation on complaint No. 2783 "in the following respects: 'finding of guilty of attempted larceny...,'" and he thereupon revoked the probation and ordered the petitioner to serve the two-month sentence originally imposed on the complaint. He also imposed sentences of thirty days and ten days, respectively, on complaints Nos. 5691-5692, all three sentences to run concurrently. The petitioner thereupon appealed her convictions and sentences on complaints Nos. 5691-5692 to the Superior Court, and four days later she entered the present petition for a writ of error on the revocation of her probation on complaint No. 2783. On April 30, 1975, she was admitted to bail by the single justice pending disposition of this petition.

At all times material to this case, and specifically at the time of the revocation of the petitioner's probation, she was represented by counsel appointed pursuant to S.J.C. Rule 3:10, as amended 355 Mass. 803 (1969). *Williams* v. *Commonwealth*, 350 Mass. 732 (1966). *Mempa* v. *Rhay*, 389 U.S. 128 (1967). See *McHoul* v. *Commonwealth*, 365 Mass. 465, 469 (1974).

The basic issue argued by both sides is whether convictions of the petitioner by the first judge on complaints Nos. 5691-5692, which she appealed to the Superior Court, are sufficient to form the basis for revocation by the second judge of her earlier probation on complaint No. 2783. There is a subsidiary issue whether the use of the appealed convictions for such a purpose is prohibited by "standards for probation work" established by the Commissioner of Probation pursuant to G. L. c. 276, § 99, as amended through St. 1972, c. 396, § 2.[2] The petitioner con-

---

[2] There is otherwise no claim of any violation of the holdings in *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972), and *Gagnon* v. *Scar-*

tends that her appeal of the two convictions on complaints Nos. 5691-5692 wiped them out and that to use them in these circumstances as the basis for revoking her probation on complaint No. 2783 violates her constitutional right to a trial de novo by a jury. For the reasons discussed below, we do not agree with that contention.

Before starting our discussion it is appropriate to emphasize three points which may help to focus more sharply on the basic issue involved. The first point is that the petitioner's probation on complaint No. 2783 was not revoked because of her arrest on complaints Nos. 5691-5692, but rather it was because of her convictions on those two complaints in the District Court. The second point is that, while the second judge heard no evidence whether the petitioner had committed the offenses charged in complaints Nos. 5691-5692, it is not contended that he did not know that the first judge had previously found her guilty on those complaints. In short, we do not understand the petitioner to base her claim of error in the revocation of her probation on the absence of formal evidence of her convictions on complaints Nos. 5691-5692. The third point is that the probation in this case was originally imposed by the same judge who had found the petitioner guilty, sentenced her, and then suspended the sentence. It therefore cannot be argued that the judge originally imposing the sentence did not have knowledge of the facts necessary to determine what the sentence should be.

1. *Reliance on appealed convictions as ground for revocation of probation.* Any conduct by a person on proba-

_pelli,_ 411 U.S. 778, 786 (1973), that the "minimum requirements of due process" in parole or probation revocation cases include the following: "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

tion which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation. Such conduct may involve the violation of criminal laws, but there is no prerequisite that the probationer be convicted thereof to permit the violation to be used as the basis for the revocation. *United States* v. *Ambrose*, 483 F.2d 742, 753-754 (6th Cir. 1973). *United States* v. *Carrion*, 457 F.2d 808, 809 (9th Cir. 1972). *United States* v. *Markovich*, 348 F.2d 238, 240 (2d Cir. 1965), and cases cited.

If the act alleged to be a violation of probation is made the subject of a criminal complaint, the commencement of the criminal prosecution does not preclude the revocation of the earlier probation nor does it require that the revocation proceedings be deferred until the completion of the new criminal proceeding. *United States* v. *Chambers*, 429 F.2d 410 (3d Cir. 1970). *United States* v. *Markovich, supra* at 240. *State* v. *Barnett*, 112 Ariz. 212, 214 (1975). *People* v. *Smith*, 105 Ill. App. 2d 14, 17 (1969). *Commonwealth* v. *Kates*, 452 Pa. 102, 114-117 (1973). *Flint* v. *Howard*, 110 R.I. 223, 235-236, cert. denied, 409 U.S. 1078 (1972).

Further, if the act relied on as a violation of an earlier probation results in a criminal conviction, the fact that the conviction is awaiting appellate review does not prevent it from forming the basis for the revocation of probation. *Roberson* v. *Connecticut*, 501 F.2d 305 (2d Cir. 1974). *United States* v. *Garza*, 484 F.2d 88, 89 (5th Cir. 1973). *United States* v. *Carrion*, 457 F.2d 808 (9th Cir. 1972). *State* v. *Barnett, supra* at 214. In the *Roberson* case, *supra,* the court said, at 308: "Essentially, appellant is contending that he has a federally protected right to suspension of the revocation order during the pendency of his appeal from the conviction that triggered the revocation. Clearly, he has no such right. All that is required for revocation of probation is that the court be satisfied that the probationer has abused the opportunity given him to avoid incarceration. . . . Here, the revocation proceeding was held up until the robbery charges were tried, a protection for the probationer not required under our cases. . . . But cf. ABA Proj-

ect on Standards for Criminal Justice, Standards Relating to Probation § 5.3 at 63-64 (Approved Draft 1970) (suggesting that revocation proceeding should, as a matter of policy, be postponed until after disposition at the trial level of the new criminal charge). A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review."

In *Stone* v. *Shea*, 113 N.H. 174 (1973), the New Hampshire Supreme Court had before it substantially the same issue now before us, involving the revocation of a probation on the basis of a violation consisting of a District Court conviction appealed to the Superior Court for trial de novo. There the court said, at 175, 177, "The record ... shows that on October 12, 1971, Stone was convicted by the Manchester District Court of the offense of assault, in proceedings in which he was represented by counsel. He was sentenced to serve three months in the house of correction, and appealed to the superior court. ... Thereafter, on petitions filed by the chief of police in September 1971, the district court on October 12, 1971, ordered Stone committed to the house of correction for three months and fifteen days, pursuant to suspended sentences previously imposed by the court on his conviction on May 13, 1970, of the offense of assault, and on June 24, 1970, of the offense of breach of the peace." "The issue ... was whether the evidence before the district court which resulted in conviction might be used to support the revocation of suspension of prior sentences of the court, *although an appeal from the last conviction was pending.* The authorities plainly indicate that it may, and we so hold. *Kruzas* v. *O'Dowd,* [83 N.H. 173 (1927)]; *United States* v. *Carrion supra; United States* v. *Markovich supra*" (emphasis supplied).

In the earlier case of *Kruzas* v. *O'Dowd, supra,* the same

court said, at 175, "The substance of the complaint is that the plaintiff has appealed from the second conviction and expects to shortly obtain from a jury a verdict of not guilty, and that this verdict will in every respect invalidate the finding of the municipal court to the contrary. Granting that the plaintiff's expectations are well grounded and to be fulfilled, no error in the action taken is shown. It was the duty of the court to try the second complaint and find the fact as to her guilt. This decision was appealable. It was also incumbent upon the court to determine whether any condition for the continuance of suspension of execution in the first case had been violated. This decision was not appealable. *The appeal which vacated the verdict on the second complaint had no effect upon a finding incident to the other case*" (emphasis supplied).

The decisions reviewed above from other jurisdictions, and particularly those from New Hampshire, are persuasive on the issue whether a conviction by an inferior court which is appealed to a higher court for a trial de novo may constitute the basis for the revocation of probation on an earlier conviction. We believe that it may. While it is true that "[a]fter an appeal the finding or sentence of the District Court has no force and effect for any purpose on a judge of the Superior Court" (*Mann* v. *Commonwealth*, 359 Mass. 661, 666 [1971]), the appeal does not negative or detract from the fact that a District Court judge, after hearing evidence at an adversary hearing at which the defendant was represented by counsel and had a right to cross-examine the witnesses and to present evidence if he chose to do so, was convinced beyond a reasonable doubt that the defendant had committed the offense charged. The appeal does not render the conviction a nullity for all purposes. See *Boyle* v. *Registrar of Motor Vehicles*, 368 Mass. 141 (1975); *Della Jacova* v. *Widett*, 355 Mass. 266, 268-269 (1969); *Almeida* v. *Lucey*, 372 F. Supp. 109 (D. Mass.), aff'd, 419 U.S. 806 (1974).

The procedure followed in the present case in no way impaired or otherwise affected the petitioner's right to a trial de novo on the appeal from her most recent convic-

tions on complaints Nos. 5691-5692. It will still be a trial
de novo unaffected by the District Court conviction
thereon, and unaffected by the revocation of her earlier
probation on complaint No. 2783. We see nothing in our
decisions in *Commonwealth* v. *Ludwig,* 368 Mass. 138
(1975), *Whitmarsh* v. *Commonwealth,* 366 Mass. 212
(1974), or *Jones* v. *Robbins,* 8 Gray 329 (1857), or *Ludwig* v. *Massachusetts,* 427 U.S. 618 (1976), which prohibits
the use of an appealed conviction in a District Court as
the basis for the revocation of an earlier probation imposed
by the same court.

We are aware that the practice which was followed in
revoking the petitioner's probation in this case was not in
accord with the procedure suggested by the ABA Project
on Standards for Criminal Justice, Standards Relating to
Probation § 5.3, at 62-63 (Approved Draft 1970), that "[a]
revocation proceeding based solely upon commission of
another crime ordinarily should not be initiated prior to
the disposition of that charge."[3] That standard seems to
impose an unreasonable and unfair burden on law enforcement authorities by placing them in the dilemma of having to decide between (a) having to forgo criminal prosecution of a person who is on probation and who appears to
have committed another offense until they have first pursued steps to revoke his probation on the basis of his conduct in ordinary proceedings without reliance on any
subsequent criminal conviction, or (b) having to start criminal prosecution promptly on the later offense and then
being prevented from trying to revoke his earlier probation
until after the later prosecution has run its full course
which, in the present state of our criminal dockets, would
amount to arming the defendant with the weapon of po-

---

[3] The full text of § 5.3 of these standards is as follows: "5.3 Proceedings following commission of another crime. A revocation proceeding
based solely upon commission of another crime ordinarily should not
be initiated prior to the disposition of that charge. However, upon a
showing of probable cause that another crime has been committed by
the probationer, the probation court should have discretionary authority to detain the probationer without bail pending a determination of
the new criminal charge."

tential delay with which he could forestall termination of the proceeding by endless appeals. We decline to impose the burden of such a choice on either probation officers or prosecutors.

2. *Standards for Probation Work.* General Laws c. 276, § 99, as amended through St. 1972, c. 396, § 2, provides in part that "[t]he commissioner of probation ... shall establish standards for probation work throughout the commonwealth, including methods and procedures of investigation, and shall establish and promulgate rules concerning supervision, casework, record keeping, accounting and caseload in all courts, subject to the approval of the committee on probation established by section ninety-nine A." Pursuant thereto the Commissioner, on December 13, 1973, established certain standards the pertinent parts of which are set out in the margin of this opinion.[4] One provision thereof is that if revocation of probation is sought on the basis of a subsequent criminal conviction, the latter finding of guilty "shall not be admissible" if an appeal therefrom is pending. The petitioner contends that the second judge violated this standard in revoking her earlier probation on the basis of her later appealed conviction. We do not agree with that contention.

We note at the outset that, in acting under § 99, the Commissioner issued a document entitled "Guidelines Regarding Surrender and Revocation of Probation," and he stated in that document that "the following *standard* ... is established ..." (emphasis supplied). He did not say or purport to "establish and promulgate rules." The petitioner argues this point by (a) first assuming that what the Commissioner did was to establish a "rule" or "regulation" rather than a "guideline" or "standard," (b) then asserting that such a regulation has "the force of law," and

---

[4] "5. G. When there is a subsequent criminal complaint against the probationer, if the case has not been appealed, the record of the finding and disposition in the same Court or a certified copy thereof from another Court, shall be admissible in any probation revocation hearing, preliminary or final. If an appeal of the case is pending, such finding shall not be admissible. The pendency of an appeal, however, shall not preclude a probation revocation proceeding."

(c) then concluding that a failure to adhere thereto constitutes a denial of due process. In our view the assumption, the assertion and the conclusion are not warranted in the circumstances of this case. It is our view that the Commissioner established only guidelines, that they did not have the force or effect of law, and that the failure to follow the suggestions contained in the "standards" does not constitute legal error, much less error of claimed constitutional dimensions. Further, there is a serious question whether the Commissioner's "standard' in question applies to persons other than probation officers, and particularly whether it is capable of being construed as intended to establish an exclusionary rule of evidence binding judges as a rule of law.

3. The judgment of the single justice is affirmed.

*So ordered.*