Hillsborough
No. 82-304

### THE STATE OF NEW HAMPSHIRE

v.

### RITA LAURA ADAMS

January 24, 1983

*Gregory H. Smith,* attorney general (*Gregory W. Swope,* attorney, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant pleaded guilty to criminal welfare fraud, RSA 167:17-b, IV (current version at RSA 167:17-b, I(d) (Supp. 1981)), two years ago and was given a jail sentence. One year and 261 days of the jail sentence was suspended. In addition, the defendant was placed on probation and ordered to make restitution to the State in the amount of $7,556.67 in weekly installments of $30. A probation violation report resulted in a hearing in May 1982, at which there was testimony that: (1) she had failed to report, (2) she had left the State without notice, and (3) she had made no restitution. Her probation officer testified that the defendant was "uncooperative." The Trial Court (*Goode,* J.) found that the defendant had violated her probation, revoked it, and ordered her to be incarcerated for the term of her sentence that had been suspended.

Failure to report to her probation officer and leaving the State without notice were sufficient grounds to justify revocation of probation. *See Stapleford v. Perrin,* 122 N.H. 1083, 1089, 453 A.2d 1304, 1307 (1982); *Stone v. Shea,* 113 N.H. 174, 177, 304 A.2d 647, 649 (1973). Consequently, we need not address the defendant's claim that she may not constitutionally be incarcerated for failure to make restitution based upon indigency.

*Affirmed.*