{¶ 18} I respectfully dissent from the majority's disposition of appellant's case.
 {¶ 19} As this Court noted in State v. Gullett, 5th
Dist. No. CT2006-0010, 2006-Ohio-6564, "[i]n a probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. State v. Hylton (1991), 75 Ohio App.3d 778,600 N.E.2d 821; State v. Mingua (1974), 42 Ohio App.2d 35, 327 N .E.2d 791;State v. Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the "some competent, credible evidence" standard set forth in CE. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. SeeState v. Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v.Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.
 {¶ 20} "Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See State v. Scott (1982), 6 Ohio App.3d 39,452 N.E.2d 517; Umphries, supra; State v. Conti (1989),57 Ohio App.3d 36, 565 N.E.2d 1286; State v. Daque (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision *Page 8 
absent an abuse of discretion. State v. Sheets (1996),112 Ohio App.3d 1, 677 N.E.2d 818". Id at ¶ 22-23.
 {¶ 21} "A revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. See State v. Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172.
 {¶ 22} "The rules of evidence, including hearsay rules, are expressly inapplicable to a revocation hearing. Evid.R. 101(C) (3). The rationale for this exception is that a trial court should be able to consider any reliable and relevant evidence indicating whether the probationer has violated the terms of probation, since a probation or community control revocation hearing is an informal proceeding, not a criminal trial.Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36, 601 N.E.2d 61, citingState v. Miller (1975), 42 Ohio St.2d 102, 106, 326 N.E.2d 259. However, in Gagnon v. Scarpelli (1973), 411 U.S. 778, 786, 93 S.Ct. 1756,36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements of Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 23} "`(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing *Page 9 
body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."`Id., citing Morrissey, supra, at 489.
 {¶ 24} "The confrontation right at issue in revocation cases does not arise by virtue of the substantive provisions of the Sixth Amendment, but is rather a procedural protection guaranteed by the Fourteenth Amendment. Columbus v. Lacy (1988), 46 Ohio App.3d 161, 546 N.E.2d 161, citing Morrissey, supra, at 477-480". State v. Gullett, supra at ¶ 26-29. "The introduction of hearsay evidence into a probation-revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a probation violation.State v. Jones (May 9, 1991), 8th Dist. No. 58423, 1991 WL 76031, citingState v. Mingua (1974), 42 Ohio App.2d 35, 39-40, 71 O.O.2d 234,327 N.E.2d 791. See, also, State ex rel. Hines v. Ohio Parole Bd. (Dec. 5, 1995), 10th Dist. No. 95APE05-623, 1995 WL 723679 ("in most cases hearsay cannot form the sole basis for revocation of parole")".State v. Ohly, 166 Ohio App.3d 808, 816-17, 2006-Ohio-2353 at ¶ 21,853 N.E.2d 675, 681-682.
 {¶ 25} In the case at bar, the appellant testified "I recently bought a car for $200 that had a fuel leak and we was [sic] using it to go mushroom hunting on some 4-wheeler trails in the back of Broken Arrow Archery . . ." (T. at 33-34). The State further presented the trial court with a photograph of appellant's burned-out automobile on the property in question. In making his ruling the appellant had violated the terms of his probation the trial judge noted ". . . There is a picture of your burned out car, Mr. Pettry, and there's no mushrooms around. There's no 4-wheel drive trail or off-road trail . . ." *Page 10 
 {¶ 26} Ohio courts have recognized that "harmless error" analysis applies to a claim of confrontation right violations. See, e.g.,State v. Davis, Cuyahoga App. No. 85477, 2005-Ohio-5544, ¶ 29, citingDelaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L .Ed.2d 674. Thus, where a defendant's admissions are sufficient by themselves to prove a violation of conditions of probation, it is harmless error even if some of the evidence admitted by the trial court was impermissible. See State v. Stephens (May 28, 1999), Huron App. No. H-98-045. State v. Gullett, supra at ¶ 30.
 {¶ 27} The fact that no charges were filed is of no consequence. "The failure to prosecute the appellee on these criminal charges would not bar the use of these offenses as the grounds for the revocation of his probation. Kennedy v. Maxwell (1964), 176 Ohio St. 215, 198 N.E.2d 658. Furthermore, although not presented in the instant cause, a majority of states which have addressed the issue have found that an acquittal in a criminal prosecution does not preclude revocation of parole or probation on the same charge. In re Coughlin (1976), 16 Cal.3d 52,127 Cal.Rptr. 337, 545 P.2d 249; Brimhall v. Turner (1972), 28 Utah 2d 321,502 P.2d 116; Standlee v. Smith (1974), 83 Wash.2d 405, 518 P.2d 721. See, also,Rubera v. Commonwealth (Mass., 1976), 355 N.E.2d 800, and Stone v.Shea (1973), 113 N.H. 174, 304 A.2d 647 (the courts respectively held therein that a conviction by an inferior court that is appealed to a higher court for a trial de novo may constitute the basis for the revocation of probation on an earlier conviction). State v. Martin
(1978), 56 Ohio St.2d 207, 210-211, 383 N.E.2d 585, 587.
 {¶ 28} I would find the question in the case at bar is one of credibility of the witnesses which is within the discretion of the trial court. The State introduced *Page 11 
competent, credible evidence showing that it was more probable than not that appellant violated the terms or conditions his probation.
 {¶ 29} I would affirm the decision of the trial court. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and our Opinion. Costs assessed to Appellee. *Page 1