**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

QUINTON WILLIAMS,

Defendant-Appellant.

No. 18-10490

D.C. No. 2:03-cr-00046-KJD-RJJ-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Quinton Williams appeals from the district court's judgment revoking

supervised release and imposing a new 24-month term of supervised release. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that the government failed to prove that he violated the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conditions of his supervised release. The evidence presented at the contested revocation hearing, including witness testimony and a state judgment of conviction, was sufficient to support the district court's finding by a preponderance of the evidence that Williams violated supervised release by committing a state crime. *See United States v. King,* 608 F.3d 1122, 1129 (9th Cir. 2010) ("On a sufficiency-of-the-evidence challenge to a supervised release revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." (internal quotations omitted)); *United States v. Carrion,* 457 F.2d 808, 809 (9th Cir. 1972) (conviction can be evidence of supervised release violation even if it is being appealed).

Williams also contends that his 24-month supervised release term is substantively unreasonable in light of his impaired mental functions. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The term of supervised release is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, particularly the need to protect the public. *See id.* Moreover, the record reflects that the district court considered only proper sentencing factors. *See United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**

18-10490